## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **LARRY FORMAN** | ) |
| **LARRY FORMAN LAW, PLLC** | ) |
| **D/B/A FORMAN & ASSOCIATES** | ) |
| | ) **CIVIL COMPLAINT** |
| **PLAINTIFFS** | ) |
| v. | ) Case No. 3:25-cv-213-CRS |
| | ) |
| **TYLER HITCH** | ) **Jury Trial**   ☒Yes   ☐ No |
| **SAMINA HITCH** | ) |
| **HITCH DEFENSE ATTORNEYS** | ) |
| **HITCH ATTORNEYS PLLC** | ) |
| | ) |
| **DEFENDANTS** | ) |

Plaintiffs, by and through undersigned counsel bring this Complaint against Defendants and allege as follows:

### INTRODUCTION

1. This action arises from Defendants' wrongful and unlawful conduct while employed by Plaintiffs, a law firm focusing on criminal defense and car accident litigation. Defendants, who are former employees of Plaintiffs, engaged in a deliberate scheme to defraud Plaintiffs and their clients by breaching their fiduciary duties, violating non-solicitation agreements, misappropriating trade secrets, tortiously interfering with Plaintiffs' client relationships, and engaging in unfair competition.

2. Specifically, Defendants actively redirected Plaintiffs' clients to their competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, during and after their employment. They misused Plaintiffs' confidential client information, misrepresented their affiliation with Plaintiffs, misappropriated funds, and established a competing entity without disclosure, all while concealing their actions through deceptive means, including using a separate email, phone number, and office address.

3. Defendants' actions further violated federal laws, including the Defend Trade Secrets Act, the Lanham Act, and the Computer Fraud and Abuse Act, as well as state laws governing fraud, conversion, civil conspiracy, and professional conduct. Additionally, Defendants' conduct caused severe emotional distress to Plaintiffs' principal, Larry Forman, through intentional and negligent infliction of emotional distress, further compounding the harm to Plaintiffs' business and reputation.

4. Defendants' actions caused substantial harm to Plaintiffs, including lost profits, damaged client relationships, damaged relationships with prosecutors and judges, and involved the unauthorized use of proprietary information. Plaintiffs seek compensatory and punitive damages, injunctive relief, and other remedies to address these egregious violations.

## PARTIES

3. Plaintiff Larry Forman is an individual residing at 10619 Meeting Street, Louisville, Kentucky 40059.

4. Plaintiff Larry Forman Law, PLLC d/b/a Forman & Associates is an S Corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business at 1139 South Fourth Street, Louisville, Kentucky 40203.

5. Defendant Tyler Hitch is an individual residing at 3001 Brookhaven Road, New Albany, Indiana 47150.

6. Defendant Samina Hitch is an individual residing at 3001 Brookhaven Road, New Albany, Indiana 47150.

7. Defendant Hitch Defense Attorneys is a Professional Limited Liability Company organized under the laws of the Commonwealth of Kentucky with its principal place of business at 1009 South Fourth Street, Louisville, Kentucky 40203 and a virtual office at 101 North Seventh Street, Louisville, Kentucky 40202.

8. Defendant Hitch Attorneys PLLC is a Professional Limited Liability Company organized under the laws of the Commonwealth of Kentucky with its principal place of business at 1009 South Fourth Street, Louisville, Kentucky 40203 and a virtual office at 101 North Seventh Street, Louisville, Kentucky 40202.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., the Lanham Act, 15 U.S.C. § 1125(a), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

10. The Court also has diversity jurisdiction under 28 U.S.C. § 1332, as the parties are completely diverse—Plaintiffs are citizens of Kentucky, Defendants are citizens of Indiana—and the amount in controversy exceeds $75,000. Additionally, the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, as they form part of the same case or controversy.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

12. Plaintiffs employed Defendant Tyler Hitch as an associate attorney from January 9, 2023, to March 28, 2025. (See Exhibit A, termination letter for Tyler Hitch).

13. Plaintiffs employed Defendant Samina Hitch as an associate attorney from January 30, 2024, to March 28, 2025. (See Exhibit B, termination letter for Samina Hitch)

14. Hitch Defense Attorneys is entirely owned and operated by Defendants Tyler Hitch and Samina Hitch.

15. Hitch Attorneys PLLC is entirely owned and operated by Defendants Tyler Hitch and Samina Hitch.

16. During these periods, both Defendants Tyler Hitch and Samina Hitch owed Plaintiffs a duty of loyalty and were entrusted with access to confidential client information, including client lists, contact details, and case files.

17. On or about January 30, 2025, Defendants renewed their written employment agreement with Plaintiffs, which included a non-solicitation clause prohibiting Defendants from soliciting Plaintiffs' clients for a period of twenty-four months following termination (See Exhibits C and D, Employment Agreements for Tyler and Samina Hitch Par. 11).

18. Defendants' previous employment agreements consisted of the same language and were in force from January 30, 2024, to January 30, 2025.

19. Beginning on or around September 2024, while still employed by Plaintiffs, Defendants began actively redirecting Plaintiffs' clients to competing practices, "Hitch Defense Attorneys" and "Hitch Attorneys PLLC."

20. Days earlier, in September 2024 Plaintiffs provided both Defendants with a significant monetary raise.

21. Defendants a) contacted Plaintiffs' clients, b) contacted multiple clients seeking defense attorney legal services after finding their ads on the internet, and c) misrepresented their affiliation with Plaintiffs, urging clients to transfer their business to the competing practice.

22. Defendants further misappropriated funds received from new clients and redirected them for their own purposes in violation of their Employment Agreement.[1]

23. Defendants further violated the non-solicitation clause by continuing to solicit Plaintiffs' clients after their employment ended, diverting additional business from Plaintiffs.

24. Defendants accessed and used Plaintiffs' confidential client lists and proprietary data for unauthorized purposes (in violation of their fiduciary duties) to facilitate these solicitations, misappropriating trade secrets critical to Plaintiffs' business operations.[2]

25. Defendants unilaterally altered the employment agreement by striking out provisions they disliked without Plaintiffs' consent, underscoring their deceptive intent and ongoing efforts to mislead Plaintiffs. (See *Id.*)

26. Defendants altered Plaintiffs' employment agreement in violation of the agreement itself.[3]

27. While still employed by Forman & Associates, drawing a full salary, earning $0.67 per mile in the course of their employment, and recouping other firm-related expenses, Defendants created a website for their newly found law firm called "https://duidefenseky.com/."

28. The Defendants' official law firm website registration date is unknown, but its first usage is notated on February 20, 2025, using internet archive records.[4] They were actively employed by Plaintiffs at that time.

29. On March 10, 2025, during a private law firm meeting, Plaintiffs, unaware of Defendants' disloyalty, discussed their future with Defendants. When Defendant Tyler Hitch

---

[1] 4.4 "In accordance with the provisions of this Agreement, the Attorney covenants that during the Term of this Agreement he or she will not perform legal services for any other person or entity. The Attorney further agrees that any clients introduced to the Firm by him or her or any clients for which he or she performs legal services during the Term of this Agreement shall be and become clients of the Firm."

4.5 "The Attorney agrees that all legal fees earned and received by him or her in the conduct and practice of law shall be income of the Firm."

[2] 4.1 "The Attorney shall perform legal services on behalf of the Firm and in so doing will act in the **best interests** of the Firm and the Firm's clients. The Attorney further agrees to be bound by all rules and policies that apply to the attorneys of the Firm, as established and as amended from time to time by the Firm." (Emphasis in Original).

[3] "12. Integration Agreement- This Agreement contains the entire agreement between the parties and supersedes all prior oral and written agreements, understandings, commitments, and practices between the parties. No amendments to this Agreement, except as expressly provided herein to the contrary, may be made **except by a writing signed by both parties**." (Emphasis added)

[4] https://web.archive.org/web/20250000000000*/https://duidefenseky.com/

expressed a desire for growth (despite their collective $250,000 annual compensation including salary, mileage, and benefits), Plaintiffs asked, "If you're unhappy with your pay and want to earn more, why not start your own firm?" Defendant Tyler Hitch replied, "I like working for you," concealing that he and Defendant Samina Hitch had already established a competing firm months earlier.

30. An employee of the firm, Michelle Priester, an intern, noticed and pointed out several specific discrepancies in Defendants' client base for the months of January, February and March. Upon inquiry by the intern, Defendants brushed her off and ordered her to ignore such discrepancies. Plaintiffs were not notified of such discrepancies until a subsequent firm meeting on April 11, 2025, two weeks after Defendants' termination of employment. (See Exhibit E, Michelle Priester's Affidavit).

31. When Defendants first began their employment at Forman & Associates, Plaintiffs were informed that Defendants had an immigration practice called "Hitch Immigration Attorneys." Defendants' practice had no more than three clients, at the time, and would not interfere with Plaintiffs' business practices. Plaintiffs agreed to allow Defendants to maintain their *immigration* practice so long as it would not interfere with their work for Plaintiffs' firm. Plaintiffs *never* agreed to Defendants' creation of a competing *criminal defense and DUI practice*, which they did without disclosing it to Plaintiffs.

32. Defendants, while drawing a salary from Plaintiffs, simultaneously generated revenue through their competing criminal and DUI defense firms, Hitch Defense Attorneys and Hitch Attorneys PLLC, and unfairly competed by using Google Ads and other digital advertising platforms to unconscionably divert potential clients from Plaintiffs to themselves.

33. Defendants' actions were intentional, deceptive, and designed to disrupt Plaintiffs' client relationships to divert business for personal gain, causing Plaintiffs to lose hundreds of thousands of dollars, as well as client and fellow attorney and judge goodwill across the Commonwealth of Kentucky and the State of Indiana.

34. While working for Plaintiff, Defendants conducted their work almost exclusively out of their Indiana home. While courtroom appearances took place in Kentucky's courthouses across the Commonwealth, all the manual attorney responsibilities and legal paperwork were conducted in Indiana.

35. Defendants fraudulently used Plaintiffs' principal building and office address in court filings across the Commonwealth to deceive both Plaintiffs and clients. (See Exhibit F, CourtNet Printout displaying both Plaintiffs' address and Defendants' virtual office; filed on March 1, 2025, one month before Defendants' termination of employment).

36. Defendants misled clients and prospective clients in their private practice by implying an association with Plaintiffs, while simultaneously concealing from Plaintiffs that their employment extended beyond Plaintiffs' clients. (See *Id.*).

37. Plaintiffs' Case Manager, Kelly Best, has only seen Defendant Tyler Hitch at their monthly firm meetings and on a few other occasions during an eight-month period. She would almost never see Defendant Samina Hitch at the office during that same period. (See Exhibit G, Affidavit of Kelly Best).

38. To conceal their actions, Defendants registered "Hitch Attorneys PLLC" with the Kentucky Secretary of State on April 1, 2025,[5] three days after Plaintiffs terminated their employment, falsely claiming their firm did not exist prior to that date. Physical evidence, however, contradicts this assertion.[6] (See Exhibit E).

39. Defendants hid their actions from Plaintiffs by using a separate email address and a different phone number to avoid detection. Defendants further concealed their actions from Plaintiffs by using a different mailing address. (See Exhibit H, Entry of Appearance by Defendant Samina Hitch, dated March 3, 2025).

40. Plaintiffs have suffered financial harm, including, but not limited to lost revenue from redirected clients, costs to regain client and business trust, and expenses to mitigate Defendants' misconduct.

## FIRST CAUSE OF ACTION

*Breach of Fiduciary Duty*

41. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

42. As an employee of Plaintiffs, Defendants owed Plaintiffs a fiduciary duty of loyalty, requiring Defendants to act in Plaintiffs' best interests and refrain from competing with Plaintiffs during their employment.

43. Defendants breached this duty by actively soliciting and redirecting Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, while still employed, prioritizing personal gain over Plaintiffs' interests.

44. As a direct and proximate result of Defendants' breach, Plaintiffs suffered damages, including lost profits, diminished client, attorney and judge relationships, and reputational harm, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

---

[5] https://sosbes.sos.ky.gov/BusSearchNProfile/Profile.aspx/?ctr=1437025
[6] https://web.archive.org/web/20250000000000*/https://duidefenseky.com/

*Tortious Interference with Business Relationships*

45. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

46. Plaintiffs maintained valuable business relationships with their clients, including those Defendants contacted and redirected.

47. Defendants intentionally and improperly interfered with these relationships by misleading clients, misrepresenting their affiliation with Plaintiffs, and urging clients to seek services from their competing practice, while acting as a proxy for Plaintiffs' firm.

48. Defendants' conduct was also in direct violation of their Employment Agreement.

49. Defendant's interference caused Plaintiffs to lose client relationships and suffer financial harm, including lost revenue and goodwill, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

*Misappropriation of Trade Secrets (Defend Trade Secrets Act, 18 U.S.C. § 1836)*

50. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

51. Plaintiffs' client lists, contact information, and related proprietary data constitute trade secrets under 18 U.S.C. § 1839, as they derive independent economic value from their confidentiality and were subject to reasonable measures by Plaintiffs to maintain their secrecy.

52. Defendants misappropriated these trade secrets by accessing and using them without authorization to solicit Plaintiffs' clients for their competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC.

53. Defendants' misappropriation was willful and malicious, causing Plaintiffs damages, including lost profits and competitive disadvantage, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

*Unfair Competition KRS 367.170*

54. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

55. Defendants engaged in unfair, false, misleading, and deceptive acts and practices during their employment with Plaintiffs. This includes misrepresenting their affiliation with Plaintiffs and misappropriating confidential information to divert Plaintiffs' clients.

56. Defendants' actions, which involved using Plaintiffs' confidential client information to divert business for their own gain, not only violated the Commonwealth of Kentucky's Unfair Competition statute codified in KRS 367.170 but further constituted unfair, false,

and misleading conduct in trade or commerce

57. Defendants' conduct caused Plaintiffs to lose client relationships, revenue, goodwill, and caused reputational harm including lost business in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

*Breach of Contract (Non-Solicitation Clause)*

58. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

59. Defendants' employment agreements with Plaintiffs included a non-solicitation clause prohibiting Defendants from soliciting Plaintiffs' clients for two years following the termination of their employment.

60. The non-solicitation clause was reasonable in scope and duration, designed to protect Plaintiffs' legitimate business interests, including its client relationships and confidential information.

61. Defendants breached the non-solicitation clause by soliciting Plaintiffs' clients, including but not limited to several current clients of the firm, both during and after their employment, to divert business to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC.

62. As a direct and proximate result of Defendants' breach, Plaintiffs suffered damages, including lost profits and client relationships, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

*Civil Conspiracy*

63. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

64. Defendants Samina Hitch and Tyler Hitch, a married couple, entered into an agreement, whether in writing or orally, to unlawfully redirect Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, with the intent to harm Plaintiffs' business and to defraud Plaintiffs and their clients.

65. While employed by Plaintiffs, Defendants coordinated their efforts, including sharing Plaintiffs' confidential client lists and misrepresenting their affiliation to divert clients, in furtherance of their conspiracy to undermine Plaintiffs' client relationships and profit at Plaintiffs' expense.

66. These overt acts which began on or about September 2024, including soliciting clients during and after their employment, violated their fiduciary duties, contractual obligations, and trade secret protections, directly causing Plaintiffs damages, including lost profits and diminished goodwill, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

*Unjust Enrichment*

67. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

68. Defendants unjustly enriched themselves at Plaintiffs' expense by wrongfully redirecting Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, starting on or about September 2024, using Plaintiffs' confidential client lists and relationships cultivated through their employment.

69. By soliciting and securing clients for their own or the competing practice's benefit, Defendants obtained profits, commissions, or other financial advantages without compensating Plaintiffs, resulting in an inequitable retention of benefits derived from their unauthorized and deceptive conduct.

70. Plaintiffs suffered losses, including lost revenue and client goodwill, in an amount to be proven at trial, for which Defendants should be required to make restitution.

## EIGHTH CAUSE OF ACTION

*Breach of Duty of Good Faith and Fair Dealing*

71. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

72. Defendants, by virtue of their employment agreements with Plaintiffs executed on or about January 30, 2025, owed Plaintiffs an implied covenant of good faith and fair dealing to perform their contractual obligations honestly and not frustrate the agreements' purposes.

73. Defendants breached this duty by surreptitiously redirecting Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, during their employment and thereafter, and using Plaintiffs' confidential resources to undermine Plaintiffs' business interests.

74. This conduct deprived Plaintiffs of the expected benefits of the employment agreements, causing damages, including lost profits and diminished client relationships, in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

*Fraud*

75. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

76. Defendants knowingly made false and material misrepresentations to Plaintiffs' clients, including but not limited to falsely claiming that they were no longer affiliated with Plaintiffs or that Plaintiffs could not provide adequate services, with the intent to induce clients to transfer their business to competing practice, Hitch Defense Attorneys and Hitch Attorneys PLLC.

77. Clients justifiably relied on these misrepresentations, redirecting their business away from Plaintiffs, which Defendants knew or should have known would harm Plaintiffs.

78. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs suffered damages, including lost profits and diminished client relationships, in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

*Conversion*

79. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

80. Defendants intentionally and wrongfully exercised dominion and control over Plaintiffs' property, including but not limited to client files, contact lists, and related business records, by accessing and using such property without authorization to redirect Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC.

81. Despite their termination, Defendants failed to return multiple attorney work products belonging to Plaintiffs, including motions, documents, and other physical and digital property. When requested, Defendant Tyler Hitch refused to comply, arguing that, as he was no longer employed and not compensated for post-termination tasks, he would not perform them. Defendant Tyler Hitch demanded payment for his time before he would release Plaintiffs' rightful property.

82. Defendants failed to return Plaintiffs client files in the proper manner and failed to properly dispose of current and past client files in violation of SCR 3.130(1.6)(a) of the Kentucky Rules of Professional Conduct. This put client information at risk of discovery by unauthorized parties.

83. Defendants' unauthorized use, retention and disposal of Plaintiffs' property deprived Plaintiffs of their rightful possession and use, causing damages, including lost profits and the cost of recovering or replacing such property, in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION

[10]

*Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)*

84. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

85. Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing Plaintiffs' protected computer systems, including but not limited to databases containing confidential client lists and contact information and documents, without authorization or in excess of authorized access, to obtain data for the purpose of redirecting Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC.

86. Defendants' unauthorized access caused Plaintiffs to suffer losses exceeding $5,000 in a one-year period, including lost profits, costs to investigate and secure the systems, and diminished client relationships, in an amount to be proven at trial.

### TWELFTH CAUSE OF ACTION

*Lanham Act Violation (15 U.S.C. § 1125(a) – False Designation of Origin or False Advertising)*

87. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

88. Defendants violated 15 U.S.C. § 1125(a) by making false and misleading statements in commercial advertising or promotion, including misrepresenting their affiliation with Plaintiffs and falsely claiming Plaintiffs were unable to provide adequate services, to redirect Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC.

89. These statements, disseminated through interstate communications such as emails, phone calls, text messages or other means affecting commerce, were material, likely used to deceive clients, and caused clients to transfer their business, resulting in Plaintiffs' loss of profits, client relationships, and goodwill.

90. Defendants' actions proximately caused competitive injury to Plaintiffs' commercial interests, in an amount to be proven at trial.

### THIRTEENTH CAUSE OF ACTION

*Breach of Duty of Loyalty*

91. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

92. Defendants, as employees of Plaintiffs, during their employment, owed Plaintiffs a duty of loyalty to act in Plaintiffs' best interests and refrain from engaging in conduct harmful

to Plaintiffs' business.

93. Defendants breached this duty by actively redirecting Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, using Plaintiffs' confidential client information and company resources for their own benefit or that of the competing practice.

94. As a direct and proximate result of Defendants' disloyal conduct, Plaintiffs suffered damages, including lost profits, diminished client relationships, and competitive harm, in an amount to be proven at trial.

## FOURTEENTH CAUSE OF ACTION

*Intentional Infliction of Emotional Distress (IIED)*

95. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

96. Defendants intentionally or recklessly engaged in extreme and outrageous conduct by orchestrating a deliberate scheme to redirect Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, using Plaintiffs' confidential client information and misrepresenting their affiliation, with the purpose of undermining Plaintiffs' business and causing severe emotional distress to Plaintiff Larry Forman, the CEO and Managing Partner of Forman & Associates.

97. This betrayal of trust and malicious interference with Plaintiffs' livelihood caused Mr. Forman to suffer severe emotional distress, including debilitating anxiety and mental anguish, in an amount to be proven at trial.

## FIFTEENTH CAUSE OF ACTION

*Negligent Infliction of Emotional Distress (NIED)*

98. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

99. Defendants negligently engaged in conduct, including wrongfully redirecting Plaintiffs' clients to competing practices, Hitch Defense Attorneys and Hitch Attorneys PLLC, and misusing Plaintiffs' confidential client information, which foreseeably caused severe emotional distress to Plaintiff Larry Forman, the CEO and Managing Partner of Forman & Associates.

100. Defendants' actions, undertaken with reckless disregard for the emotional impact on those relying on their loyalty as employees, resulted in severe emotional distress,

including anxiety and mental anguish, directly and proximately caused by their breach of duties owed to Plaintiffs, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

A. Award compensatory damages in the amount of $1,450,000 for lost profits, reputational harm, competitive disadvantage, and other losses caused by Defendants' actions;

B. Award punitive damages for Defendants' willful and malicious conduct, to be determined at trial;

C. Issue a preliminary and permanent injunction prohibiting Defendants from further soliciting Plaintiffs' clients, or using Plaintiffs' confidential information;

D. Award Plaintiffs' reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D) and other applicable law;

E. Award Plaintiffs' reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and other applicable law;

F. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: April 14, 2025.

Respectfully submitted,


By: */s/ Larry Forman*
LARRY FORMAN
KBA No. 95548
FORMAN & ASSOCIATES
The Forman Building
1139 South 4th Street
Louisville, Kentucky 40203
Work: (502) 931-6788
Fax: (419) 574-7156
Larry@LarryFormanLaw.com
*Attorney for Plaintiffs*