

Forman & Associates
1139 South 4th Street
Louisville, KY 40203
Office (502) 931-6788
Fax (419) 574-7156
Larry@LarryFormanLaw.com

Date: March 28, 2025

Tyler Hitch
3001 Brookhaven Rd
New Albany, IN 47150

Dear Tyler,

After careful consideration, I am writing to inform you that your employment at Forman & Associates will be terminated, effective immediately, today, March 28, 2025, pursuant to paragraph 9.2 of your Employment Agreement, termination for cause.[1] This decision is based on several incidents that have undermined the trust and professional standards we expect from our team members.

Over the past several months, your actions have demonstrated a pattern of behavior inconsistent with the firm's values and your role as an associate attorney of the firm in violation of paragraphs 9.2(2) and 9.2(5) of your Employment Agreement.[2] These include: 1) engaging in insubordination by raising your voice to me, your boss, in an unprofessional manner on multiple occasions (9.2(5)); 2) your continued display of a lack of respect towards me (9.2(5)); 3) your forgetting your role at the firm, as an employee (3);[3] 4) attempting to establish a competing law firm, while still employed at this firm, behind the firm's back (3 and 4.4)[4]; 5) implying that certain firm clients or potential firm clients could be diverted due to those changes (4.4); 6) unilaterally altering contractual language without prior consultation (12)[5]; 7) requesting an unreasonable salary increase, with no change in performance or job duties, shortly after

---

[1] "9.2 Termination for Cause. This Agreement may be terminated for Cause (as defined below) by the Firm before the expiration of the Term provided for herein if, during the Term of this Agreement, the Attorney …"

[2] "9.2(2) Exhibits repeated willful or wanton failure or refusal to perform his or her duties in furtherance of the Firm's business interest or in accordance with this Agreement, which failure or refusal is not remedied by the Attorney within thirty (30) days after notice from the Firm." And
"9.2(5) … the Attorney … is insubordinate[.]"

[3] "3 Title and Status- … The Attorney shall have the title of "Junior Associate" to the Firm [and] shall be neither a partner nor a special partner of the Firm but shall be considered an employee of the Firm."

[4] "3 … In that capacity, the Attorney shall have no right or authority to represent any clients in an independent capacity except for clients that are represented by the Firm. If a potential client reaches out to the Attorney for representation, the Firm must be notified immediately." And
"4.4 In accordance with the provisions of this Agreement, the Attorney covenants that during the Term of this Agreement he or she will not perform legal services for any other person or entity. The Attorney further agrees that any clients introduced to the Firm by him or her or any clients for which he or she performs legal services during the Term of this Agreement shall be and become clients of the Firm."

[5] "12. Integration Agreement- This Agreement contains the entire agreement between the parties and supersedes all prior oral and written agreements, understandings, commitments, and practices between the parties. **No amendments** to this Agreement, except as expressly provided herein to the contrary, may be made except by a **writing signed by both parties**." (emphasis added).



Forman & Associates
1139 South 4th Street
Louisville, KY 40203
Office (502) 931-6788
Fax (419) 574-7156
Larry@LarryFormanLaw.com

receiving such an increase (5)[6]; and 8) seeking partner status without contributing to client acquisition (3). You have been warned in September 2024 about such behavior. Despite such warning, you exhibited the same behavior on March 10, 2025, at our firm meeting (9.2(2) and 9.2(5)).

Additionally, your recent statement on March 10, 2025 — "If I don't have any potential for upward mobility at the firm, then I have no reason for staying here" suggests a lack of long-term commitment to the firm's success (4.1)[7]. You aspire to pursue your own path, and I respect your ambition to grow as an attorney. However, I cannot allow this firm to serve as a steppingstone *while* you actively work against its interests (4.1).

Your final paycheck, including any accrued benefits per firm policy, will be provided on April 18, 2025. **Please return all firm property, including firm checkbook, keys, documents, books, reading material, electronic devices such as computers, and other effects, no later than 5:00 PM EST today, Friday, March 28, 2025. Please also send me the password to your law firm email address (tylerwithforman@gmail.com) no later than today, March 28, 2025, at 1:00 PM.**

Please provide me with your mileage for the week of March 24 to March 27, 2025, by EOD on March 31, 2025, so I can compensate you accordingly. Your final paycheck which will arrive on April 18, 2025, pursuant to our firm's payroll schedule. Should you have any questions regarding the termination process, feel free to contact me at Larry@LarryFormanLaw.com. Since your termination is for cause under paragraph 9.2, insubordination, you do not qualify for unemployment benefits. Additionally, no severance pay will be provided.[8]

All work you are conducting on current clients and all messages to and from current clients are ***suspended effective immediately***. Access to all platforms associated with the firm, including, but not limited to: Clio, Google Spreadsheets, Google Calendar (as it relates to the firm's cases), Dropbox, and access to our office building, is hereby revoked. Should you receive a message from any current clients of the firm, prosecutors, or other personnel related to the current court cases you were working on, please simply reply with "*Thank you for reaching out. Unfortunately, I am no longer associated with Forman & Associates. Please call the office at 502-931-6788 or email our Case Manager, Kelly at Kelly@LarryFormanLaw.com and your case will be assigned to a new attorney to handle your matter*."

---

[6] "5. …Salary raises and any potential bonuses will be discussed at the end of each contractual term, no guarantee of either is provided by the Firm, but will be determined based on the Attorney's performance during the employment term."

[7] "4.1 The Attorney shall perform legal services on behalf of the Firm and in so doing will act in the **best interests** of the Firm and the Firm's clients." (emphasis in original).

[8] "9.2.1 In the event of a termination for Cause, the Firm may by written notice **immediately terminate** the Attorney's employment and, in that event, the Firm **shall be obligated only to pay the Attorney the compensation due him or her up to the date of termination**, all accrued, vested or earned benefits under any applicable benefit plan and any other compensation to which the Attorney is entitled under Section 5 up to and ending on the date of the Attorney's termination." (emphasis added).



Forman & Associates
1139 South 4th Street
Louisville, KY 40203
Office (502) 931-6788
Fax (419) 574-7156
Larry@LarryFormanLaw.com

***Should you make any attempts to contact any of the Firm's clients or, worse yet, attempt to obtain their current or future business, I will immediately report your actions to the Kentucky Bar Association, as you would be in direct violation of your obligations under paragraphs 10.1, 10.2 and 11[9] of your Employment Agreement regarding confidentiality and non-competition.***

I wish you the best in your future endeavors,

Sincerely,

*/s/ Larry Forman*

Larry Forman, CEO
Forman & Associates

---

[9] "10.1 For the purpose of this Agreement, "trade secrets" shall mean (a) any information that is used in the Firm's business and that derives independent economic value from not being generally known to the public or to persons who can obtain economic value from its development or use, and (b) the Firm's information encompassed in all client files, computer printouts, manuals, plans, proposals, marketing and sales plans, financial information, costs, pricing information, client lists, and all concepts or ideas on or reasonable related to the business of the Firm that have not been publicly released by duly authorized representatives of the Firm (except the Attorney's personal files and form files).

10.2 The Attorney agrees to regard and preserve as confidential information all trade secrets pertaining to the Firm's business that have been or may be obtained by the Attorney by reason of his services for the Firm. The Attorney further agrees that he or she shall not, without written authorization form the Firm, use for his own benefit or purposes or disclose to others, either during the Term of this Agreement or thereafter, any trade secret or other confidential information connected with the business or other development of the Firm. The Attorney agrees that he or she shall not remove the Firm's documents, client files, computer printouts, manuals, plans, proposals, reports, studies, client lists, or other documents or things at all related to or connected with the Firm's trade secrets (except the Attorney's personal files and form files).

11. Non-Solicitation- During the Attorney's employment with the Firm and thereafter for a period of two (2) years, the Attorney shall not, and shall not permit any persons subject to the Attorney's direction or control (including the Attorney's affiliates) to, directly or indirectly, on their own behalf or on behalf of any other person (except the Firm or its affiliates), (i) call upon, accept business from, or solicit the business of any person who is, or who had been at any time during the preceding twenty four months, a client of or represented by the Firm, (ii) otherwise divert or attempt to divert any business from the Firm, (iii) interfere with the business relationships between the Firm and any of its clients or others with whom they have business relationships or (iv) recruit or otherwise solicit or induce, or enter into or participate in any plan or arrangement to cause, any person who is an employee of, or otherwise performing services for, the Firm to terminate his or her employment or other relationship with the firm, or hire any person who has left the employ of or ceased providing services to the Firm during the preceding twenty four months."