UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **LARRY FORMAN** ) | |
| **LARRY FORMAN LAW, PLLC** ) | **RESPONSE TO** |
| **D/B/A FORMAN & ASSOCIATES** ) | **MOTION TO DISMISS** |
| ) | **AND COMPEL** |
| **PLAINTIFFS** ) | **ARBITRATION** |
| **v.** ) | |
| ) | **Case No. 3:25-cv-00213-CRS** |
| **TYLER HITCH** ) | |
| **SAMINA HITCH** ) | |
| **HITCH DEFENSE ATTORNEYS** ) | |
| **HITCH ATTORNEYS PLLC** ) | |
| ) | |
| **DEFENDANTS** ) | |

**COME NOW,** the Plaintiffs, Larry Forman, et al., by and through their undersigned counsel, and hereby submit this Reply to Defendants' Motion to Dismiss and Compel Arbitration.

Plaintiffs agree to submit the claims to arbitration pursuant to the arbitration clause contained in Section 15 of the employment agreement between the parties. Plaintiffs further request that the Court stay the current proceedings pending the outcome of the arbitration process and immediately lift the stay in the event of default by either party with a show cause order for sanctions, attorneys' fees and contempt of court against the offending party.

In support thereof, Plaintiffs state as follows:

1. **Agreement to Arbitration:** Plaintiffs acknowledge the existence of the arbitration clause outlined in Section 15 of the parties' employment agreement and agree to invoke it as to all causes of action raised by Plaintiffs.

2. **Sanctions:** Sanctions against Plaintiffs are improper because an arbitration clause can be waived by both parties. See *Speerly v. Gen. Motors, LLC*, 343 F.R.D. 493, 525 (E.D. Mich. 2023), leave to appeal granted sub nom. *In re Gen. Motors, LLC*, No. 23-0104, 2023 WL 12074927 (6th Cir. Oct. 23, 2023), and aff'd, 115 F.4th 680 (6th Cir. 2024), reh'g en banc granted, opinion vacated, 123 F.4th 840 (6th Cir. 2024) ("a party waives its

contractual right to arbitration if it [1] knew of the right; [and] [2] acted inconsistently with that right"). Plaintiffs elected to waive it, while Defendants elected to invoke it.

The Seventh Circuit noted that participation in litigation is a factor to be considered as part of a waiver analysis. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) ("Participation in litigation is considered in the waiver determination in order to ensure that the proper forum for a dispute is established as early as possible"). Since Plaintiffs initiated this action, they elected to waive the arbitration clause of the employment agreement.

However, since Defendants elected to invoke the arbitration clause, Plaintiffs have no objection at this stage of the proceedings to continue the matter in arbitration and the matter can proceed forward in that arena, assuming the Defendants do not default, which is discussed in greater detail *infra*. Plaintiffs reserve their right to object to such invocation in the future if Defendants fail to meet their financial or other obligations under the American Arbitration Association (AAA) or other relevant and applicable law.

Finally, Defendants violated this Court's Local Rule 7.1(e) not once, but twice, when they filed their Motion to Dismiss and Compel Arbitration on May 8, 2025 (Doc. 12).

a) First, Defendants failed to include a Proposed Order with their current Motion pending before the Court. "A party filing a motion **must** also file a separate proposed order." LR 7.1(e) (emphasis added).
b) Second, the rule goes on to state that "[a]ny proposed order imposing **sanctions must** be provided **separately** from a proposed order pertaining to any other matter." *Id*. (emphasis added).

Defendants failed to provide this Court with *any* proposed orders under Local Rule 7.1(e) on a filing made over eleven (11) days ago and violated this Court's local Court rules.

3. **Stay of Proceedings:** Plaintiffs respectfully request this Court stay all proceedings in this matter pending the outcome of the arbitration process. This request is consistent with the terms of the arbitration clause and general practice in Federal courts and the AAA. *See, generally*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). Dismissal is an extraordinary measure and should only be used sparingly by the Court. *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941–42 (6th Cir. 2021). If a stay of the proceedings is a viable alternative, then the court must stay proceedings in lieu of dismissal of the action. *Id*. at 942.

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties **stay the trial of the action**

> **until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with such arbitration."

> 9 U.S.C.A. § 3 (West) (emphasis added).

Defendants themselves *agree* that staying proceedings pending arbitration is the proper remedy, instead of dismissal of this action. "[T]his Court should […] compel arbitration and stay this action as against Defendants, pending arbitration." (Doc. 12 at 2-3, 4 and 8).

Furthermore, Defendants' reliance on *Green* is misplaced. In *Green*, "all issues raised in th[e] action [were] arbitrable and [] submitted to arbitration[.]" *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000). The court in *Green* explained that "retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Id*. However, it is crucial to note that the plaintiff in *Green* **lacked subject matter jurisdiction** when he filed his action. *Id*. Such is not the case here. The parties retain not only subject matter, but also diversity jurisdiction in the present action, based on the facts presented. Thus, if arbitration fails due to Defendants' default, this Court will immediately regain jurisdiction. 9 U.S.C.A. § 3 (West). Therefore, *Green* does not apply, and this action cannot be dismissed.

4. **Notification of Arbitration Outcome:** Plaintiffs agree to notify the Court of the outcome of the arbitration within thirty (30) days of the arbitrators' decision.

5. **Default:** Plaintiffs request from the Court that in the event any party fails to meet its financial obligations to the arbitration panel or will otherwise be in default during the arbitration proceedings, resulting in the inability for the parties to continue the arbitration process, the stay of this case shall immediately be lifted, and the case will resume with litigation in this Court. 9 U.S.C.A. § 3 and 4.

    Moreover, should *any* party be in default during the arbitration process, for *any* reason, the stay of this proceeding shall be immediately lifted, a show cause order will be immediately entered by this Court against the offending party as to why said party should not be held in Contempt of Court for said violation, and the violating party shall be responsible for payment of sanctions to the non-offending party as well as arbitration attorneys' fees for the entire arbitration to date.

6. **The Stricken Employment Agreement Language:** Defendants belabor that clause 3 (in part), 4.4 (in full), and 4.5 (in full) of their respective employment agreements are unenforceable because they were stricken by Defendants and the employment agreement

was signed by both parties (Doc. 12). However, although not relevant to their Motion to Dismiss and Compel Arbitration, Plaintiffs will very briefly respond.

Defendants' arguments fail on their faces because Defendants conveniently left out of their Motion to Dismiss the crucial and relevant paragraph 12 of their employment agreement, a 'no oral modification except by a writing made and signed by both parties' clause, which states in full:

> "Integration Agreement- This Agreement contains the entire agreement between the parties and supersedes all prior oral and written agreements, understandings, commitments, and practices between the parties. **No amendments to this Agreement, except as expressly provided herein to the contrary, may be made except by a writing signed by both parties**." (Doc. 1 Ex. 3 and 4) (emphasis added).

Since the stricken language was not in a *separate* writing nor was it signed by both parties *separately*, as the clause requires, Defendants' hollow 'amendments' to their employment agreements hold no water, serve no purpose, and are legally unenforceable both based on contract law principles and the plain reading of the Defendants' employment agreements' paragraph 12. Thus, the employment agreements are enforceable in their entirety and the stricken language has no effect on the agreements themselves.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court:

1. Order the parties to proceed to arbitration.
2. Stay all proceedings in this Court pending the outcome of the arbitration process.
3. Direct the parties to notify the Court of the arbitration's outcome within thirty (30) days of the arbitrators' decision.
4. In the event of default, lift the stay, immediately enter a show cause order against the offending party as to why said party should not be held in Contempt of this Court, and said violating party be held responsible for payment of sanctions to the non-offending party as well as arbitration attorneys' fees for the entire arbitration to date.
5. Provide any further relief that the Court deems just and proper.

Respectfully submitted this 19 day of May 2025.

By: */s/ Larry Forman*
LARRY FORMAN
KBA No. 95548

FORMAN & ASSOCIATES
The Forman Building
1139 South 4th Street
Louisville, Kentucky 40203
Work: (502) 931-6788
Fax: (419) 574-7156
Larry@LarryFormanLaw.com
*Attorney for Plaintiffs and*
*Attorney Pro Se*