## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **LARRY FORMAN, et al.** | ) |
| | ) |
| PLAINTIFFS | ) **DEFENDANTS' REPLY TO** |
| | ) **PLAINTIFFS' RESPONSE TO** |
| v. | ) **MOTION TO DISMISS** |
| | ) |
| **TYLER HITCH & SAMINA HITCH, et al.** | ) Case No. 3:25-cv-00213-CRS |
| | ) |
| DEFENDANTS | ) |

Come Defendants in Reply to Plaintiffs' Response to Defendants' Motion to Dismiss and Compel Arbitration.

### I. While Arbitration is Inevitable, the Court Should
### Stay *or* Dismiss this Case at Its Discretion

In his Response on behalf of himself and his law firm, *pro se* Plaintiff ("Larry"), acknowledged he knew he did not have the right to file this suit, but argued for a stay of this matter as opposed to a dismissal. DN 13. Following the Supreme Court's recent decision in *Smith v. Spizzirri*, 601 U.S. 472 (2024), that resolved a circuit split on the issue of whether to stay or dismiss cases sent to arbitration, a stay of this matter during arbitration is probably correct unless "there is a separate reason to dismiss." *Spizzirri*, 601 U.S. at 476 n.2.[1]

While Defendants provided just such a "separate reason," namely as a sanction (which this Court may impose even without a motion under FRCP 11) arising out of Larry's knowledge that he lacked the right to bring this case, such a dismissal would allow Larry to endlessly litigate the dismissal of this meritless lawfare case on appeal. The *Spizzirri* Court wrote (unanimously) that avoiding that needless and vexatious litigation is the entire point of depriving plaintiffs a dismissal when a defendant

---
1 *But see Tucker v. United Wholesale Mortg., Inc.*, No. 23-cv-13134, 2024 U.S. Dist. LEXIS 242412, at *12 n.2 (E.D. Mich. July 10, 2024) (The holding of *Spizzirri* "is limited to where the party seeking arbitration has requested a stay.") Defense moved for a dismissal.

moves to compel arbitration. *Id.* at 477-78. A stay benefits Defense, and allows the Court to retain jurisdiction over the sanctions motion to be filed with the Court on June 11, 2025. *See* DN 15. Thus, while Defense does not withdraw any part of its motion to dismiss, Defendants leave it to the sound discretion to the Court as to whether this case should be stayed or dismissed.

## II. The Court should reject Larry's "poison pill" language that would revive this case through his own bad acts

Although Larry lacks any standing to impose rules on arbitration beyond those under law and/or in the contract he drafted, he nevertheless added new rules to benefit him after he loses this motion, DN 13, and asks this Court to impose his extra-contractual demands as Court Order. To wit, if Larry has his way, he can "stiff" the arbitrator, renege on his promise to arbitrate (again), and we will once again be before this Court on a case that should not see the inside of a courtroom. *Id.* He would simply have to pay a fine to the Court for the privilege, *id*, which he would more than recoup from the ad revenue from a YouTube video slandering the Hitches. Larry profits handsomely from turning federal district courts into big top circuses, and by portraying its court officers, from judges to attorneys, as its clowns.[2]

Larry's YouTube channel has become devoted to vicious attacks on members of the bar, judges, and witnesses. (*I.e,* n. 2, *infra*). Given that Larry has fabricated evidence to create and maintain this lawsuit, *see* DN 15, Defendants are not obligated to assume good faith on his part. *See Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 514 (N.D. Ohio 2013) ("At this point, defendants are justified in treating all of plaintiff's submissions with skepticism."). This Court should not give him the opportunity to do to this Court what he has already done to a federal district court in Florida, (*see* n. 2), and should deny Larry's baseless request to add new rules to the contractual language he drew up and then breached.

---

2  *i.e.,* "Scam Attorney EXPOSED Before Fleeing USA," https://www.youtube.com/watch?v=yHWeq04p2ic, (Larry attacking a member of the Bar as a "thief," admitting he has no evidence of the claim), "Florida Attorney Faces DISBARMENT For Shocking Actions," https://www.youtube.com/watch?v=MIX0bR9c7No, (making similarly baseless and potentially defamatory remarks about a member of the Bar). *Attorney Larry Forman*, YouTube, both accessed 5/18/25. Larry's YouTube channel, (https://www.youtube.com/@TheDUIGuyPlus) is full of such examples targeting judges, witnesses, litigants, and attorneys.

In support of this baseless demand of the Court, Larry cites, "9 U.S.C.A. [sic] § 3 and 4,"[3] which state that a party in default is nevertheless compelled to arbitrate, not that parties can get out of arbitration by failing to pay the arbitrator. Like Larry's argument against sanctions, (*infra* at Part III), this argument appears to be written by AI. If the Court were to impose rules on this arbitration, Defense moves the Court to impose the rules of the American Arbitration Association, which are common.

### III. Larry's Argument Against Sanctions is Wrong and Appears to be A.I. Slop[4]

Larry objected to Defense's very mild, halfhearted motion for *de minimis* sanctions (in the form of costs for a *pro se* motion to compel arbitration) on both procedural and substantive grounds. DN 13. Larry is right in one sense – Defense did not attach a proposed Order for sanctions as required under LR 7.1 – but in the other sense, on substance, Larry is both wrong and (to be charitable) appears to have been informed by generative AI as opposed to genuine research.

Larry cites cases which he claims support the idea that sanctions are unwarranted here because he waived his right (and his firm's right) to arbitrate and Defense *could have* waived their right to arbitrate. Besides not standing for the proposition that Larry claims they do, these cases are bad law.

The district court decision he cites was vacated on appeal, *Speerly v. GM, LLC*, 123 F.4th 840, 841 (6th Cir. 2024); Larry includes procedural history demonstrating that he knows this, including a reference to an attempted class action relating to *Speerly*, which was vacated on appeal as well. Larry acknowledges this in his citations. *In re Gen. Motors, LLC*, No. 23-0104, 2023 WL 12074927 (6th Cir. Oct. 23, 2023), is not an arbitration case, and has nothing to do with the claim that Larry makes, and appears to be included in his string cites totally at random, simply because it relates procedurally to *Speerly,* and seems to "beef up" his citations. Larry cites the entire history of this vacated decision in an

---

3 Larry's Response brief repeatedly styles the United States Code as "U.S.C.A," a reference to WestLaw's proprietary copy of the United States Code. Given the Bluebook rule that "U.S.C." is the proper notation, and the shibboleths of AI handiwork noted in Section 3 of this Reply Brief, in all likelihood, Larry used WestLaw AIs, such as Edge, Precision, or Co-Counsel, to draft his brief.

4 "'AI slop,' often simply 'slop,' is a derogatory term for low-quality media, including writing and images, made using generative artificial intelligence technology, characterized by an inherent lack of effort, logic, or purpose. Coined in the 2020s, the term has a pejorative connotation akin to 'spam.'" *AI slop, Wikipedia*, https://en.wikipedia.org/wiki/AI_slop, accessed 5/19/25.

inscrutable string cite.[5] *Speerly*, even though it is overturned, is nevertheless totally inapplicable to this matter, as it deals with a defendant's waiver of arbitration. In sum, Larry's argument against sanctions is substantively worthless and appears to be written by a machine.

### IV. Larry does not know the difference between a contemporaneous strike and an amendment

Larry goes into the weeds in his Response, arguing the merits of his case. DN 13. Namely, he argues that contemporaneous strikes to the contract that he drafted are amendments, and thus not covered by the integration language he cites. But the integration clause he refers to points to the document containing the strikes and states that it, the document with the strikes on it, "contains the entire agreement between the parties." The strikes are not an amendment; they *are* the agreement. Larry signed it, and admits he signed it, with the strikes on it already. DN 1, 11. Larry's argument lacks merit entirely, is irrelevant to his Response, is dilatory, and merits no further discussion in this forum.

### V. CONCLUSION

For the reasons set out above, as well as for the reasons cited in Defendants' initial motion, Defendants respectfully move that this Court dismiss or stay this matter, compel the parties to litigate their differences in arbitration, if at all, and to sanction Plaintiffs for their bad faith filings.

| Respectfully submitted,<br>/s/ Tyler Hitch, /s/ Samina Hitch<br>TYLER HITCH<br>SAMINA HITCH<br>*Pro Se Defendants* | /s/ Tyler Hitch<br>*for* HITCH ATTORNEYS, PLLC<br>D.B.A. HITCH DEFENSE ATTORNEYS<br>Barristers Hall<br>1009 South 4th Street<br>Louisville, KY 40203<br>(502) 628-4270<br>tyler@hitchdefense.com |
|---|---|

---

5 In the experience of the undersigned, such odd citation work (a long procedural history string cite to an overturned decision) is the shibboleth of a legal brief written by generative AI such as ChatGPT or Grok. This comports with the unorthodox organizational style of Larry's Response brief, which the undersigned has seen deployed by Lexis's AI, "Protege," used internally by office mates of the undersigned.