## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **LARRY FORMAN, et al.** | ) |
| | ) |
| **PLAINTIFFS** | ) <u>**DEFENDANTS' SECOND MOTION**</u> |
| | ) <u>**FOR SANCTIONS, FOR**</u> |
| **v.** | ) <u>**FABRICATING CLAIMS**</u> |
| | ) |
| **TYLER HITCH & SAMINA HITCH, et al.** | ) **Case No. 3:25-cv-00213-CRS** |
| | ) |
| **DEFENDANTS** | ) |

Come Defendants and respectfully move this Court under FRCP 11 for sanctions against Plaintiffs. In support of their Motion, Defendants attach an exhibit showing *pro se* Plaintiff ("Larry") perjured himself, and knew the facts he relied on to make claims in his Complaint were false. Ex. 1. Larry texted Defendant Tyler Hitch stating that he knew the facts Larry relied on in his Complaint were false. Not only did Larry certify this knowingly false Complaint, but he further failed to correct the knowing falsehood for over a month. This is discrete from Defendants' first motion for sanctions under this rule, which was filed in response to Larry's filing of this suit when he knew he had no right to do so. DN 12.

A memorandum in support this Motion is attached hereto.

Respectfully submitted,
<u>/s/ Tyler Hitch, /s/ Samina Hitch</u>
TYLER HITCH
SAMINA HITCH
*Pro Se Defendants*


<u>/s/ Tyler Hitch</u>
*for* HITCH ATTORNEYS, PLLC
D.B.A. HITCH DEFENSE ATTORNEYS
Barristers Hall
1009 South 4th Street
Louisville, KY 40203
(502) 628-4270
tyler@hitchdefense.com

| | |
|---|---|
| **LARRY FORMAN, et al.** | ) <u>MEMORANDUM IN SUPPORT OF</u> |
| **PLAINTIFFS** | ) <u>DEFENDANTS' SECOND MOTION</u> |
| | ) <u>FOR SANCTIONS FOR</u> |
| **v.** | ) <u>FABRICATING CLAIMS</u> |
| | ) |
| **TYLER HITCH & SAMINA HITCH, et al.** | ) Case No. 3:25-cv-00213-CRS |
| | ) |
| **DEFENDANTS** | ) |

## I. BACKGROUND

*Pro se* Plaintiff ("Larry") knowingly fabricated facts underlying this lawsuit. Larry filed this case on behalf of himself, his d/b/a/, and his law firm, on April 14, 2025, despite it being governed by an arbitration agreement he drafted and signed less than three months earlier. DN 1, 12. In the Complaint, Larry alleged that Defendants stole client data, DN 1 at ¶¶ 80-83, and were essentially holding it ransom, and demanding pay from Plaintiffs for its return. *Id.* However, prior to filing the case, Larry texted Defendant Tyler Hitch ("Tyler") on April 1 that Larry knew that the Defendants did not steal this client data, and were not demanding money for its return. (Ex. 1.) Larry nevertheless filed the case anyway, two weeks later, making a knowingly false claim to this Court. *Id.* Larry then signed a certification of his complaint, under penalty of perjury, *id.,* and then repeated both bad acts by signing the same on an amended complaint. DN 11.

Wishing to avoid the cruel antics of Larry's YouTube channel,[1] Defendants filed a motion to dismiss and enforce Larry's arbitration agreement. DN 12. In that Motion, Defendants asked for costs as *de minimis* sanction, for Larry's filing of the suit instead of arbitrating. *Id.* Larry responded to

---

[1] *i.e.,* "Scam Attorney EXPOSED Before Fleeing USA," https://www.youtube.com/watch?v=yHWeq04p2ic, (Larry attacking a member of the Bar as a "thief," admitting he has no evidence of the claim), "Florida Attorney Faces DISBARMENT For Shocking Actions," https://www.youtube.com/watch?v=MIX0bR9c7No, (making similarly baseless and potentially defamatory remarks about a member of the Bar). *Attorney Larry Forman*, YouTube, both accessed 5/18/25.

Defense's motion for those *de minimis* sanctions by arguing procedural defect. DN 14.

## II. RULES

Sanctions for a lawyer who files a *pro se* complaint containing knowingly false claims are governed primarily by Rule 11 of the Federal Rules of Civil Procedure. Rule 11 imposes a duty on attorneys and parties to ensure that pleadings, motions, and other papers submitted to the court are factually and legally well-grounded and not presented for improper purposes. When a lawyer knowingly files a complaint with false claims, fails to correct them, and signs a certification, they may face significant sanctions under Rule 11. These sanctions are designed to deter improper conduct and may include monetary penalties, orders to pay the opposing party's legal fees, or other disciplinary actions. *See* FRCP 11, *Mann v. G & G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990), *Century Products, Inc. v. Sutter*, 837 F.2d 247 (6th Cir. 1988).

Rule 11(b) requires that by signing a pleading, an attorney certifies that, to the best of their knowledge, information, and belief formed after a reasonable inquiry, the factual contentions have evidentiary support or are likely to have such support after further investigation. If this certification is violated, Rule 11(c) allows the court to impose sanctions. These sanctions are limited only by what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The court has discretion in determining the nature of the sanctions, which may include monetary penalties, striking pleadings, or even dismissal of the case. FRCP 11, *Century Products, Inc. v. Sutter*, 837 F.2d 247 (6th Cir. 1988), *Jackson v. Law Firm of O'Hara*, 875 F.2d 1224 (6th Cir. 1989).

In the Sixth Circuit, courts have emphasized the importance of reasonable pre-filing inquiry into the facts and law. Failure to conduct such an inquiry or knowingly filing false claims can result in sanctions. For example, in *Mann,* the court held that sanctions were appropriate when an attorney failed to verify the factual basis of a claim, as a reasonable inquiry would have revealed deficiencies in the client's theory of causation. 900 F.2d at 962. Similarly, in *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, (6th Cir. 1997), the court upheld sanctions against an attorney for failing to investigate

and verify a major factual premise behind the asserted legal claims.

The act of signing a certification of a complaint further heightens the lawyer's responsibility. A certification signifies that the signer has conducted a reasonable inquiry and that the factual contentions are supported by evidence. If a lawyer knowingly includes false claims in a certified complaint, they may face additional scrutiny and sanctions under Rule 11. The certification serves as an implicit representation to the court that the claims are truthful and well-founded, and violating this representation can lead to severe consequences. FRCP 11.

In addition to Rule 11, courts may also impose sanctions under their inherent authority if the conduct involves bad faith or is tantamount to bad faith. This includes knowingly submitting false statements or engaging in unethical behavior. Sanctions under the court's inherent authority may include dismissal of the case, monetary penalties, or referral to the state bar for disciplinary action, *Ray A. Scharer & Co. v. Plabell Rubber Prods.*, 858 F.2d 317 (6th Cir. 1988), all of which are appropriate here, where the attorney is the party making the misrepresentation.

### III. The Contents of the Texts

Exhibit 1 is the totality of the texts between Larry and Tyler beginning with Larry's surprise firing of the Hitches on Thursday, March 27, until the present time.

This includes a text on April 1, in which Larry states to Tyler, "[Y]ou truly don't have any discovery in your possession and I thought you were using that as leverage to get paid by the firm."

This affair began with Larry's firing of the Hitches on the 27th. Larry sent an ominous text at around 7 pm, then near 10 pm, Tyler texted back, obviously surprised that Larry had revoked Tyler's access to the firm database (insecurely kept on Dropbox), and that firm clients were contacting Tyler with demands. Tyler noted that Larry has taken away his access to "client discovery, calendars, and case notes." Larry refused to even admit he fired them. But he had. DN 11, Ex. A, B.

On Friday, March 28, Tyler texted Larry, stating that he had contacted the Bar Association,[2]

---

2    Meaning the Kentucky Bar Association Ethics Hotline, *see* https://www.kybar.org/page/EthicsHotline

asking for advice on how to handle this situation. He reminded Larry that Larry had the duty to notify the Court, the clients, and opposing counsel of Tyler's departure.

Tyler noted that he demanded Larry inform counsel, clients, and the courts of his departure because **Tyler did not want any of Larry's data to remain with him**.

**Larry's response: "Yeah yeah yeah."**

For days thereafter, the text record shows both Tyler and Samina Hitch ("Samina") did exactly as Larry demanded them. The record shows that they returned firm laptops, where client data was stored, and even assisted Larry as he figured out how to log in to the firm's laptops for himself.

After all that, days later, on Monday, March 31, the record shows Tyler was still getting calls from federal prosecutors on Larry's cases, which he could not handle even if wanted, because Larry had possession of all client data and Tyler was telling Larry so. Tyler begged Larry to allow the Hitches a 14 day transition period, both for the Hitches (and their three children) but also, critically, for the clients. The record shows both that despite Larry's extremely hostile demeanor, the Hitches were simply looking for work, while Larry's conduct was endangering the causes of his clients.

Larry's response to this was an unhinged tirade of paranoid delusion. For the first time, here, Larry fabricated the facts that underlie the conversion claim in his Complaint. DN 11 at ¶¶ 80-83 From the pathos of a recently fired man's pleas for work, Larry concocts a fantasy that his firm data (which is in his own possession) is being held ransom from him.

**Never once, despite Larry's literal goading to do so, does Tyler ask for, let alone receive anything of value in exchange for client data.**

**Larry rants to himself for approximately THREE (3) HOURS in text.**

Finally, after hours of unbalanced abuse from Larry, Tyler calls Larry's behavior "unprofessional," asks him to cease contact, and states unequivocally that he has rendered unto Larry the things that are Larry's, and that the Hitches possess nothing else that belongs to Larry or his firm.

Larry responds with more abuse and threats. **But finally, on April 1, Larry admits his huff**

**and puff is baseless.** He states that he knows the Hitches weren't keeping any client data.

That lasted six days. On April 7, Larry texted Tyler about two documents: a briefing scheduling order and a motion to suppress,. The first, the scheduling order, Tyler writes, was not a written document. It was, rather, an actual schedule that Tyler put in Larry's calendar for him. The second, the motion to suppress, Tyler notes, is publicly available. At any rate, neither has any pecuniary value, and the Hitches never demanded any money for them. Tyler reminds him that he already turned over everything he has to Larry, and concludes, "Wishing you the best!"

Out of this, Larry fabricated a federal case.

## IV. ANALYSIS

### a) Larry knew he was lying to you

Defendants will not belabor this point: Larry wrote down that he knew Defendants were not wrongly retaining client data, and texted it to Defendants. He then sued Defendants claiming that they did. He then signed the Complaint himself, on behalf of himself, his law firm, and as counsel for the latter. He then certified his perjured claims. He told you a lie, and knew he was lying when he lied. Despite the passage of time, he has refused to correct his knowing lie.

### b) Larry did this for two reasons: to harass former employees, and to generate content for his YouTube channel

Larry admits he fired Defendants Tyler and Samina Hitch because Tyler Hitch yelled at him, did not respect him to the extent he felt was appropriate, and demanded a raise. DN 11, Ex. A. At issue as well, was Defendants' ultimate ambition to operate their own firm, independent of Larry. *Id.* Not only are Larry's absurd allegations regarding the wrongful retention of client data nowhere to be found in the letter Larry wrote dismissing them, but the document demonstrates clear animus by Larry against Defendants. *Id.* Larry's fabrications about Defendants' misconduct only happened after Larry fired Defendants, when he had time to develop a plan to exploit this turn of events for content.

Larry operates a YouTube channel in which he publishes hyperbole, over which he has been

sued for defamation before. (Jefferson County Case No. 21-CI-1650, case dismissed under "actual malice" standard, after allegedly defamed party, a public figure, pleaded guilty to an assault). As of late, he has devoted slavish attention to a media circus relating to Northern District of Florida Case No. 1:24-cv-45-ZCB, *Hales v. Preston*, *et al*., which has given him the opportunity to insult and potentially defame a member of the Bar in order to gain attention, views, and monetized gains. (*See* ft. 1, supra). The outlandish insults he lodged against a member of the Bar in the videos relating to that case rewarded him with tens of thousands of views, from which he generates ad revenue.

Fabricating his claims against the Hitches, then, gives Larry the opportunity to make more money off of turning *your* Court into a circus, the way he has already done with a federal district court in Northern Florida. Defendants respectfully request the Court review the videos listed in ft. 1 supra because this is what Larry wishes to make out of the above case, using your Court as circus ground. Defendants confounded Larry's ill-intentioned efforts by moving to arbitrate, thus denying him the public drama he sought to create by fabricating a case, and filing this suit despite knowing he lacked the right to do so. Larry is left with nothing but a demonstrable lie he must defend before the dismissal (or at very least the stay) of this action.

### c) The whole panoply of remedies under Rule 11 are appropriate to <u>ALL</u> Defendants

It is not every day that this Court, or any Court, has to deal with an officer of the Court fabricating claims in his own name. Defense has researched this subject. It is rare, perhaps unheard of, for an attorney to risk his law license by perjuring himself for social media clout. Larry's conduct is outrageous, and may be a case of first impression.

Larry has done this before, and if this Court does not stop him, he will do it again. A cursory review of his YouTube page[3] shows that his public persona has come to rely on crude, potentially defamatory "smack-downs" of judges, lawyers, witnesses, and parties to litigation. Where he lacks access to a real controversy, this case shows that he will fabricate the drama, not just in his name, but in

---

3   https://www.youtube.com/@TheDUIGuyPlus

the name of his law firm.

Rule 11 provides numerous remedies to cure this problem. First, the Court may dismiss this case. Defense has already moved for such; the Court may dismiss this case under Rule 11 *without* compelling arbitration. Defense moves this Court to do so.

Second, the Court may impose monetary sanctions Larry under Rule 11. The Court should do this. Larry filed this suit to gain ad revenue. The Court should let Larry know the money will flow *away* from him, not *toward* him, when he lies to a court and makes things up for attention.

Third, the Court should refer this matter to the Kentucky Bar for review. Larry's actions call into question his integrity and fitness as an attorney. *See* SCR 3.130(8.3). Defendants are consulting with ethics attorneys as to their responsibility to file their own Bar complaint under SCR 3.130(8.3). Defendants sincerely hope that their ethics attorneys will inform them that they do *not* have to report him.

Finally, Larry's co-Plaintiffs, his law firm and d/b/a, are liable for his lies, FRCP 11(c)(1), and should be sanctioned as well.

### d) Defendants gave Larry the opportunity to withdraw his perjured claims

In an email dated May 21, 2025, Defendants served Larry with a copy of this Motion. Defendants have thus comported with the safe harbor requirements of Rule 11.

## IV. Conclusion

For the above-stated reasons, Defendants respectfully move for sanctions against Plaintiffs for knowingly lying to this Court, fabricating claims, and using this Court to generate content for his YouTube channel.

Respectfully submitted,
<u>/s/ Tyler Hitch, /s/ Samina Hitch</u>
TYLER HITCH
SAMINA HITCH
*Pro Se Defendants*

<u>/s/ Tyler Hitch</u>
*for* HITCH ATTORNEYS, PLLC
D.B.A. HITCH DEFENSE ATTORNEYS
Barristers Hall
1009 South 4th Street
Louisville, KY 40203
(502) 628-4270
<u>tyler@hitchdefense.com</u>

# EXHIBIT 1



Larry Forman Work ›

See you in court tomorrow

Thu, Mar 27 at 6:51 PM

Tyler, I need you and Samina to please come to the office tomorrow at 10am. You do not need to go to Warren county.

Thu, Mar 27 at 9:17 PM

Hi Larry,

Samina and I have both tried to log into Courtnet this evening, and we no longer have access.

We no longer have access to the firm's Google calendar or Dropbox.

Clients are expecting us to call them tomorrow, and several have already reached out this evening.

Your discontinuance of our health insurance on Tuesday was concerning, but you assured us that you were looking for a new provider, and that you hoped to find one by the end of the week. But today, you took that back.

 Text Message · RCS 



find one by the end of the week. But today, you took that back.

Has each of our employment with the firm been terminated?

If so, we need to know what you would like for us to communicate to clients. There are several clients and prosecutors expecting me to communicate with them tomorrow.

We also need to notify the State Bar, so that that we are not personally responsible if anything goes wrong in the cases from this point forward — as we no longer have access to client discovery, calendars, or case notes.

We feel that as of this moment we have been effectively terminated.

Please confirm.

Kind Regards,
Tyler & Samina

I will see you tomorrow at 10:00 a.m. at the office

 Text Message · RCS 

 

I will see you tomorrow at 10:00 a.m. at the office

Fri, Mar 28 at 6:34 PM

Tyler, it is 6:34. I still don't have the passwords. You said you're going to give them to me by 5:00 p.m.

Hi Larry, I had a conversation with the Kentucky Bar Association.  You have the affirmative duty to notify the court, the prosecutors, and the clients on each of the cases for which Samina and I are entered as an attorney of record — as we have been prevented from doing so ourselves. If this is properly done by the firm, no one will contact us going forward.

Any communication that we receive from the court, prosecutors, or clients will be forwarded to Kelly according to your instructions.

Wishing you the best!
Tyler

+    Text Message • RCS    🎤

forwarded to Kelly according to your instructions.

Wishing you the best! Tyler

Still waiting on your passwords. Please forward those immediately

Yeah yeah yeah, Please forward the passwords immediately.

You have lied to me that you will deliver the passwords by 5:00 p.m.. you are now 2 hours and 14 minutes late in your delivery.

I will begin penalizing you for every hour that you are late

Starting now

Fri, Mar 28 at 10:16 PM

Thanks Larry, done. See your email. Wishing you the best! Tyler

I could not find the laptop. Where did you put it?

Text Message • RCS



L

Larry Forman Work ›

I could not find the laptop. Where did you put it?

Please provide me with the verification code that was just sent to you

Sat, Mar 29 at 7:58 PM

The laptop is on the bookshelf in the office on top of Chris Stopper's laptop.

Let me know if you need the verification code, have a nice night

Mon, Mar 31 at 10:57 AM

Got it. I'm going to need you guys both near a computer so I can get the verification code

Mon, Mar 31 at 12:13 PM

Sounds good, Larry. We are both available to be ready for the code.

Verification code was sent to your email.Please give it to me

For Tyler:

Text Message • RCS

L

Larry Forman Work ›

For Tyler:

324603

A code was sent to your
phone.Please give it to me

020336

Give me the next code please

I need the next code please

I need the code before it
expires.Please send it

This is going to be a process that
will require multiple steps. Please
do not leave your phone.

What's the next code that you got

104911

Now what's the next one

905888

What's the next code

＋   Text Message • RCS   🎤



Larry Forman Work ›

What's the next code

855686

Okay, that takes care of tyler period now.We're gonna work on samina

Samina should have received an email to her.I cloud account with a verification code.I need it

830174

Okay, I think we are pretty much done I just need one more thing from you

Actually, never mind.I will reach out if I need anything but I think I got it

Thanks, Larry. I just responded to the Federal prosecutor on Joseph Roush's case. Please make sure to send substitution orders to all of our cases, including the federal case.

Wishing you the best!

Text Message • RCS

 
Thanks, Larry. I just responded to the Federal prosecutor on Joseph Roush's case. Please make sure to send substitution orders to all of our cases, including the federal case.

Wishing you the best!
Tyler

Also, please confirm that you will handle to two immigration cases.

If you would agree to give Samina and me our full paycheck for this last payment period (that includes this week) we will be happy to cover the Immigration cases when they arrive. There is still a substantial amount of work to be done.

Please let me know, and thank you, Tyler

I need all of the paperwork that you have on the federal case that you handled on thursday, joseph rausch

Text Message • RCS 


I need all of the paperwork that you have on the federal case that you handled on thursday, joseph rausch

So we can take over

I also need all other paperwork, not discovery related that you have in your possession.Please bring it to the office asap

Which immigration cases?

Hi Larry, I propose that we receive 14 days notice to transition these cases and help your new attorney and Kelly understand the situation better. We are willing to work for the next two weeks.  Please let me know if this works. Thanks, Tyler

So you're trying to hold documents the paperwork and discovery that belongs to the firm as hostage.Unless you get paid more money from the firm that you're not entitled to. Am I hearing you correctly?

And you are willing to throw the firm's clients under the bus in

 Text Message • RCS 



documents the paperwork and discovery that belongs to the firm as hostage.Unless you get paid more money from the firm that you're not entitled to. Am I hearing you correctly?

And you are willing to throw the firm's clients under the bus in exchange for payment that you're not entitled to from the firm. Please confirm that that is what you are asking so that I can alert the kentucky bar association

Mon, Mar 31 at 3:00 PM

I'm waiting for your response and the delivery of discovery that I requested

What are the names of the 2 immigration clients? We can start there

Are you talking about travis and Maitay?

You must turn over all discovery on all clients. By the end of day, tomorrow, or I will report you to the bar for ethics violations

Text Message • RCS

tomorrow, or I will report you to the bar for ethics violations

You have <u>until five p m</u> on april first to deliver everything in your possession

Hi Larry, this is incredibly unprofessional. Please refrain from these messages. All discovery has been provided to the office, and it is not our responsibility to wrap up loose ends for you.

It would have been helpful to have had a meaningful conversation and 1-2 week period of time to work with the new attorney and Kelly on the status of the cases.

We have provided all discovery and documents, and wish you the very best!

Tyler & Samina

If you do not turn all the documents in your possession on all current clients over to the office physically by April 1st, 2025 at 5pm i will file a bar complaint

Text Message • RCS



possession

Hi Larry, this is incredibly unprofessional. Please refrain from these messages. All discovery has been provided to the office, and it is not our responsibility to wrap up loose ends for you.

It would have been helpful to have had a meaningful conversation and 1-2 week period of time to work with the new attorney and Kelly on the status of the cases.

We have provided all discovery and documents, and wish you the very best!

Tyler & Samina

If you do not turn all the documents in your possession on all current clients over to the office physically by April 1st, 2025 at 5pm i will file a bar complaint against you to protect our clients interests. You leave me with no choice. I'm drafting it now so I can send it tomorrow at 5:01 pm est.

Text Message • RCS



send it tomorrow at 5:01 pm est.

Hi Larry, all motions are in Courtnet, all discovery is in dropbox, all notes are in the Google Calendar.

Please describe what documents you are referring to.

Any other communications from prosecutors would be in the email that you have already been provided. We do not keep any paper documents whatsoever.

Please also turn over all partial and incomplete pleadings, motions, and briefs that you all have been working on by the same date and time. You've been paid for all of this work, already in months passed. I will not warn you again. I will only take action.

I do not have any documents like this

If i find that you kept anything at all, I will file.



Text Message · RCS

I do not have any documents like this

If i find that you kept anything at all, I will file.

If you're going to sit there and claim that you have nothing, i know that you are lying to me. And you know that you are lying to me. You can deal with the bar association directly. I am finished dealing with you.

Have a wonderful day.

Tue, Apr 1 at 12:23 PM

Tyler, thank you for bringing down the disk drive. Kelly informed me that you truly don't have any discovery in your possession and I thought you were using that as leverage to get paid by the firm. Now that you have confirmed that you have been tossing the papers after reviewing them into the garbage can next to your desk, after uploading them to Dropbox, I will not be filing a bar complaint at 5:01 p.m. today. Thank you.

Text Message • RCS



Tue, Apr 1 at 12:23 PM

Tyler, thank you for bringing down the disk drive. Kelly informed me that you truly don't have any discovery in your possession and I thought you were using that as leverage to get paid by the firm. Now that you have confirmed that you have been tossing the papers after reviewing them into the garbage can next to your desk, after uploading them to Dropbox, I will not be filing a bar complaint at 5:01 p.m. today. Thank you.

Your payment will process as normal and you will receive it on Friday.

Thank you, Larry. Wishing you the best!

Mon, Apr 7 at 10:37 AM

Tyler we are missing a lot of discovery, Kelly will be reaching out for things that we need from you. If you fail to deliver them immediately, I will be filing a bar complaint against you. I see 2 things that are missing. First, the

Text Message • RCS



Mon, Apr 7 at 10:37 AM

Tyler we are missing a lot of discovery, Kelly will be reaching out for things that we need from you. If you fail to deliver them immediately, I will be filing a bar complaint against you. I see 2 things that are missing. First, the order on Craig Byrd from March 11th setting the briefing schedule. Second, the motion to suppress that you filed on Barbi Mercer.

Hi Larry, we do not have any discovery. Please let us know what discovery is missing.

For Craig Byrd, I listed on the calendar the date that the brief needs to be filed. In my memory, we were given 30 days. I do not have any order or sheet of paper listing this. The videos of the suppression hearings are in dropbox. The motion should focus on the Long decision, with Craig Byrd effectively being denied his opportunity for an independent blood test.

Text Message • RCS

Byrd effectively being denied his opportunity for an independent blood test.

For Barbi Mercer, the motion was filed with the court, and should be uploaded in Courtnet, and part of the court file. It is a motion to suppress any statements made by Ms. Mercer after she was placed into custody and prior to Miranda warnings.

Thanks Larry, wishing you the best!

Tyler

Mercer is not in court net. Please email a copy of the suppression motion that you filed to either Kelly or myself immediately

Hi Larry, I do not have any files whatsoever from my time with the firm. Kelly can contact the court clerk and get a copy of the suppression motion.  Thanks.

Text Message · RCS

or myself immediately

> Hi Larry, I do not have any files whatsoever from my time with the firm. Kelly can contact the court clerk and get a copy of the suppression motion. Thanks.

If you do not deliver it post haste, I will be forced to file a bar complaint against you. Do not make me do this.

You have until 1:00 pm EST today, April 7, 2025, to deliver Barbi Mercer's suppression motion that you drafted and filed on February 28th, 2025. Failure to do so will put our client's case in Jeopardy by your hand, and I will file a bar complaint against you later this afternoon for such jeopardy. This is your final warning to deliver the motion that belongs to the firm.

Mon, Apr 7 at 12:41 PM

> Hi Larry, all motions are part of the court record.
>
> Please simply call the court clerk

Text Message • RCS



complaint against you later this afternoon for such jeopardy. This is your final warning to deliver the motion that belongs to the firm.

Mon, Apr 7 at 12:41 PM

Hi Larry, all motions are part of the court record.

Please simply call the court clerk and ask for a copy of the motion. This will take 10 minutes, and will certainly not place the client in jeopardy.

On the day I was terminated, I provided any remaining discovery and client documents to Kelly.

If you need anything else going forward, please simply contact the court clerk.

Wishing you the best!
Tyler

Read 4/7/25

It is in your possession and it is your duty to turn it over. You will not be warned again.

Text Message • RCS

| | |
|---|---|
| **LARRY FORMAN, et al.** | ) |
| | ) |
| **PLAINTIFFS** | ) <u>**ORDER SANCTIONING LARRY**</u> |
| | ) <u>**FORMAN AND HIS FIRM**</u> |
| **v.** | ) <u>**FOR PERJURY**</u> |
| | ) |
| **TYLER HITCH & SAMINA HITCH, et al.** | ) **Case No. 3:25-cv-00213-CRS** |
| | ) |
| **DEFENDANTS** | ) |

This matter having come before the Court upon Motion by Plaintiffs, and all parties being given opportunity to be heard, and all Parties otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that:

a) The above-style action is dismissed with prejudice; AND

b) The parties' briefs on the present motion shall be referred to the Kentucky Bar Association for disciplinary review; AND

c) Plaintiff Larry Forman shall pay a sanction of $_____ to Defendants; AND

d) Plaintiff Larry Forman's co-plaintiffs, his law firms, shall pay a sanction of $_____ to Defendants; AND

e) Plaintiff Larry Forman shall **SHOW CAUSE** on or before _____, 2025, as to why greater sanctions should not be imposed.

_____
Chief Judge Charles R. Simpson, III