UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LARRY FORMAN ) | |
| LARRY FORMAN LAW, PLLC ) | |
| D/B/A FORMAN & ASSOCIATES ) | RESPONSE TO "SECOND" |
| ) | MOTION FOR SANCTIONS |
| PLAINTIFFS ) | |
| v. ) | |
| ) | Case No. 3:25-cv-00213-CRS |
| TYLER HITCH ) | |
| SAMINA HITCH ) | |
| HITCH DEFENSE ATTORNEYS ) | |
| HITCH ATTORNEYS PLLC ) | |
| ) | |
| DEFENDANTS ) | |

**COME NOW,** the Plaintiffs, Larry Forman, et al., by and through their undersigned counsel, as well as *pro se*, and hereby submit this Response to Defendants' "Second" Motion for Sanctions. This Motion should be considered 'moot' by this Court and arbitration should be compelled, as previously briefed by both parties.

Defendants filed a Motion to Dismiss Plaintiffs' case and to Compel Arbitration on May 8, 2025. DN 12. Plaintiffs did not object to submitting this case for arbitration. DN 14. However, now, Defendants filed *another* Motion before this Court, DN 18. It appears as though Defendants are choosing to allow Plaintiffs to elect whether they wish to proceed to arbitration, as originally requested by Defendants, or whether Plaintiffs wish to continue litigating this case in Federal Court, i.e. Defendants are waiving arbitration by action; also known as an implied waiver. *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

The Sixth Circuit has long since established that a party can waive its contractual right to arbitrate by engaging in litigation conduct that is *inconsistent* with their intent to arbitrate. *Id*.; *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010). As of 2022, the test for waiver is focused primarily on whether the party's litigation conduct is completely inconsistent with its reliance on the arbitration agreement and the current standard focuses on whether the party's litigation conduct is completely inconsistent with reliance on the arbitration agreement. *Morgan*, 596 U.S. 411; *See also Schwebke v. United Wholesale Mortgage, LLC*, 96 F.4th 971, 974 (6th Cir. 2024) (although UWM participated in extensive discovery, without ever mentioning arbitration, this case can be used as a guidepost since Defendants have decided to

1

contradict themselves by *both* moving for arbitration and *in the same breath* continuing to litigate the case in this Court. Essentially, trying to have their cake and eating it, too.)

Regardless, Plaintiffs maintain their position to stay proceedings, are asking the Court to Order both parties to arbitrate their issues, as previously discussed, and in the event of default, lift the stay, immediately enter a show cause order against the offending party as to why said party should not be held in Contempt of this Court, and said violating party be held responsible for payment of sanctions to the non-offending party as well as arbitration attorneys' fees for the entire arbitration to date.

Finally, although styled as the Defendants' "Second" Motion for Sanctions, this is, in fact, Defendants' **First** Motion for Sanctions due to their previous failure to follow the rules, namely the infamous Safe Harbor Rule when attempting to file their first Rule 11 Motion. Nevertheless, as stated *supra*, Defendants' Motion for Sanctions should be deemed moot as a matter of course and as a matter of law as both parties are ready to arbitrate their issues outside of this forum.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court, once again to:

1. Order the parties to proceed to arbitration.

2. Stay all proceedings in this Court pending the outcome of the arbitration process.

3. Direct the parties to notify the Court of the arbitration's outcome within thirty (30) days of the arbitrators' decision.

4. In the event of default, lift the stay, immediately enter a show cause order against the offending party as to why said party should not be held in Contempt of this Court, and said violating party be held responsible for payment of sanctions to the non-offending party as well as arbitration attorneys' fees for the entire arbitration to date.

5. Provide any further relief that the Court deems just and proper.

Respectfully submitted this 11 day of June 2025.

By: */s/ Larry Forman*
LARRY FORMAN
KBA No. 95548
FORMAN & ASSOCIATES
The Forman Building
1139 South 4th Street
Louisville, Kentucky 40203
Work: (502) 931-6788
Fax: (419) 574-7156
Larry@LarryFormanLaw.com
*Attorney for Plaintiffs and*
*Attorney Pro Se*