## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **LARRY FORMAN, et al.** | ) |
| | ) |
| PLAINTIFFS | ) **REPLY TO PLAINTIFFS' RESPONSE** |
| | ) **TO DEFENDANTS' SECOND** |
| v. | ) **MOTION FOR SANCTIONS** |
| | ) |
| **TYLER HITCH & SAMINA HITCH, et al.** | ) Case No. 3:25-cv-00213-CRS |
| | ) |
| DEFENDANTS | ) |

Come Defendants in Reply to Plaintiffs' Response to Defendants' Second Motion for Sanctions and states as follows:

*Pro se* Plaintiff ("Larry,") makes no Response to Plaintiff's Motion for sanctions and instead argues two unrelated points. In his Response, Larry argues that Plaintiffs' filing of a sanctions motion is 1) litigation of the above-styled case on the merits, and 2) that such litigation shows an intent to waive Arbitration. DN 20, at 1. Larry is wrong on both points. A sanctions motion exists to address and deter improper conduct in litigation, such as filing frivolous claims, making baseless arguments, or engaging in abusive litigation practices. Sanctions serve to uphold the integrity of the judicial process by deterring repetition of such conduct, punishing the offending party, and, in some cases, compensating the opposing party for expenses incurred due to the misconduct. *Merritt v. Int'l Ass'n of Machinists & Aero. Workers*, 613 F.3d 609, 626-27 (6th Cir. 2010).

A sanctions motion does not constitute an argument on the merits of a case. Instead, it addresses collateral issues related to the conduct of the parties or their attorneys during litigation. Courts have consistently held that sanctions are independent of the merits of the underlying case. For instance, in *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775 (6th Cir. 2019), the Sixth Circuit emphasized that sanctions motions are collateral to the merits and can be considered even after

the merits of the case have been resolved. Similarly, in *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642 (6th Cir. 2006), the Court reiterated that sanctions under Rule 11 do not involve a judgment on the merits but rather focus on whether the judicial process has been abused.

Further, Defendants' filing of a sanctions motion in order to expose and adjudicate Larry's fabrication of claims (which he does not deny), is not a waiver of their right to arbitrate. Larry's reliance on *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), is misplaced. The waiving party in *Morgan* failed to invoke their right to arbitrate for eight months, until well into the litigation of the case. Unlike in this case, neither party in *Morgan* filed a sanctions motion because neither party fabricated claims, lied to the court, and failed to address their lies in their one opportunity to do so in a Response to a sanctions motion.

In this case, Defendants have not even filed an Answer. In fact, Defendants noted in their Motion for Sanctions that they did not wish to litigate the case in Court precisely because Larry intended to use your Court to vexatious ends and they wish to avoid Larry's "cruel antics." DN 19, at 1.

Larry's failure to engage this Motion on the merits speaks volumes. He had one, and only one, opportunity to defend his lies and he chose instead to make spurious, unfounded arguments in one final bid to keep this case in front of you, so that he can profit off his lies and misdeeds.

Respectfully submitted,
/s/ Tyler Hitch, /s/ Samina Hitch
TYLER HITCH
SAMINA HITCH
*Pro Se Defendants*

/s/ Tyler Hitch
*for* HITCH ATTORNEYS, PLLC
D.B.A. HITCH DEFENSE ATTORNEYS
Barristers Hall
1009 South 4th Street
Louisville, KY 40203
(502) 628-4270
tyler@hitchdefense.com
