UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LARRY FORMAN, et al. | ) |
| | ) |
| PLAINTIFFS | ) **RESPONSE TO PLAINTIFFS'** |
| | ) **MOTION TO RECONSIDER** |
| v. | ) |
| | ) |
| TYLER HITCH & SAMINA HITCH, et al. | ) Case No. 3:25-cv-00213-CRS |
| | ) |
| DEFENDANTS | ) |

\*\*\*\*\*\*\*

Come Defendants Tyler Hitch ("Tyler"), Samina Hitch ("Samina"), (collectively, "the Hitches,") Hitch Attorneys, PLLC, and "Hitch Defense Attorneys," in response to *pro se* Plaintiff's (Larry's) latest pleading.

For the reasons stated below, the Court got it right and Larry's Motion should be denied. In the alternative, should Larry's Motion be granted, Defendants' motions for sanctions, DN 15 and DN 18, would be revived, and Defendants move for a hearing on same.

## RELEVANT PROCEDURAL HISTORY

On January 20, 2026, this Court dismissed Larry's case for failure to serve process. DN 25. Although Rule 4(l)(1) states that "proof of service must be made to the court," Larry waited until after his case was dismissed and stricken from the docket, and then filed alleged proof of service approximately an hour after dismissal. DN 26-29. Three weeks later, Larry moved this Court to vacate the dismissal. DN 30.

## ARGUMENT

Larry has spurned the Court's gracious decision to dismiss this case on procedural grounds, rather than reaching the merits of Defendants' motions for sanctions. More importantly, the Court's Order reflects the right decision under the FRCP.

<u>*Rule 4 Demanded Dismissal, Ruling Otherwise Prejudices Defense*</u>

The Court provided notice to Larry that his summonses were deficient in DN 3.[1] He was put on notice that he was responsible for returning the summonses to the Court in DN 10. The Court was right to dismiss under Rule 4. The Civil Rules are rules, not suggestions.

Larry relies on a hairline distinction between Rules 4 and 5 to argue that it was permissible for him to fail to provide proof to this court that he had effectuated service prior to dismissal of his case, contrary to Rule 4, and permissible for him to fail to serve Defense a copy of his Amended Complaint, contrary to Rule 5. DN 30, 4-5.

But Rule 4 requires strict compliance as to service of an initial Complaint, which is at issue here. *Henderson v. United States*, 517 U.S. 654, 669 (1996), *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (Without strict compliance to the rule, "Dismissal of the action 'shall' follow unless the 'plaintiff shows good cause for failure to meet the 120-day deadline.'"), *Searcy v. Cty. of Oakland*, 735 F. Supp. 2d 759, 770 (E.D. Mich. 2010) (requiring diligence in service, which includes notification to the Court, presumably <u>before</u> the case is dismissed), *Mitchem v. Hankins*, 339 F.R.D. 129, 130 (E.D. Ky. 2021) (citing Rule 4 word for word in relevant part, and applying it strictly).

A fundamental requirement of that strict compliance under Rule 4 is notice to the Court. Rule 4(l)(1) states that "proof of service must be made to the court" and that, except for service by a United States marshal or deputy marshal, proof must be provided by the server's affidavit.

Larry did not bother to do this until the Court dismissed his frivolous case. But this requirement – which Larry shirked – ensures that the court has a record of proper service, which is a critical step in establishing personal jurisdiction over the defendant. *Langeland v. Tru Die Cast Corp. (In re PT Liquidation Corp.)*, 580 B.R. 488, 489 (Bankr. W.D. Mich. 2018) ("In general, . . . to protect its judgments against collateral attack with the attendant and avoidable expense, the court scrupulously

---

[1] Larry's Complaint was both procedurally deficient, DN 4, and substantively deficient, *see* DN 11, as were his summonses, DN 3.

reviews proofs of service, as it did in this case. Every plaintiff's attorney should do the same, carefully supervising the jurisdictionally significant act of serving the summons and complaint - the singular event that formally subjects a person to the court's authority.")

Finally, Rule 4(m) itself is illustrative: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff[2]—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added to show the Court got it right).

Synthesizing those rules, then, yields a stark, black-and-white, mandatory course of action for would-be Plaintiffs: serve the Defense properly, and inform the Court timely. This is not complicated for an attorney with over a decade of experience, such as Larry. Without this simple compliance, a plaintiff has no case.

Thus, through Larry's own fault, he has no case.

There is simply no excuse for Larry to fail to inform the Court about his alleged effectuation of service until after the Court dismissed the case. Nor is there "good cause," for vacating the Court's decision due to his incompetence.

Larry claims there is no prejudice to Defense by vacating the Court's Order. That is plainly false. Defendants run a successful law firm – no thanks to Larry, who tried and failed to torpedo it with false allegations and a frivolous lawsuit. Both individual Defendants work well over 40 hours a week while raising three children. This frivolous case consumes our time, energy, and psychological well-being. We are *pro se*.

Allowing Larry a "do-over" for a frankly foolish mistake taxes them and their resources unnecessarily, as they have already expended the energy and time necessary to defeat this case, and are now asked to do it again. This is the definition of prejudice.

---

2   The Court provided notice in DN 3 and DN 10.

<u>*Larry's Arguments About "Waiver" Are Non-Sequitur*</u>

Larry argues that Defense waived their right to a dismissal due to his failure to notify the Court of alleged effectuation of service, by participating in the case. DN 30, 5-6, 8-9. Defense moved, on numerous grounds, to dismiss <u>in lieu of answering</u>, and as a proposed sanction. Defense has consistently moved for an end of this matter, within whatever legal guidelines apply, *see, i.e.,* DN 21 (arguing for a stay *or* dismissal, as the law allows), and notified the Court as to Larry's failure to properly serve Defense. DN 12-1, at PageID# 134.

Moreover, the Court is entitled to draft orders *sua sponte* against rule breaking parties and defendants regarding their effectuation of service. Contrary to this rule, FRCP 4, Larry cites *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011), arguing that this court lacks the authority to raise this issue itself, calling such an action "resurrection" of a "voluntarily forfeited" defense. DN 30, 5-6. The Court may inspect Larry's citation. It says nothing of the sort.[3] On information and belief, no case law has invalidated Rule 4 and Larry has presented yet another falsity to this Court.

Larry relies on this falsity *passim,* for example, *id.* at 8. Larry has imposed strictures on this Court that simply do not exist. Of course the Court enjoys the ability to adjudicate matters relating to service of process *sua sponte.* That is straight out of the Civil Rules. *See Langeland,* at 489.

In many ways, Larry's argument appears to be lifted from a totally different case, one in which a party argued strenuously for a lack of personal jurisdiction after filing an Answer, *see* DN 30, at 8-9, instead of moving to dismiss and letting the Court take appropriate action, which is what actually happened with these Defendants. DN 12. Nothing about Defendants' conduct is relevant to this motion. Larry is the one who failed to file proof of service with the Court. Larry is the one who broke the rules. And Larry is the one who faces the consequences.

---

3  Similarly, the same is the case for the citation to *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703 (1982) found in DN 30 at 6, 9. Larry reads into these cases special rules for judges that are not there.

*Larry Invented a "Mandatory" Test Based on Bad Case Law*

Larry's biggest falsity in this pleading is his treatment of the superseded case *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983). This is a case relating specifically to suits filed *in forma pauperis*. And it has been superseded by statute. 28 U.S.C. § 1915(e)(2)(B). Of this case, Larry fabricates the following, "The Court is strictly prohibited from . . . dismissing a case on procedural grounds without warning and a reasonable time to respond." DN 30, 6. *But see, e.g., Thomas v. Pleasant*, 28 F. App'x 436, 437 (6th Cir. 2002) ("28 U.S.C. § 1915(e)(2)(B) overrules this court's decision in *Tingler v. Marshall*, 716 F.2d 1109, 1111-12 (6th Cir. 1983), and permits a court to dismiss a[n *in forma pauperis*] suit at any time without prior notice.")

Larry weaves this falsity from an irrelevant, superseded case into several different sections of his argument, *(id.* at 6, 7, and 8) each time reminding the Court of a duty to protect him from his own mistakes that this Court need not suffer. To the extent that *Tingler* ever forced this Court to hold an attorney's hand as he struggles with the black letter of Rule 4, it no longer does.[4]

Larry bolsters his reading of bad law with more misstatements and mischaracterizations of law: *King v. Taylor*, 694 F.3d 650, 655-6 (6th Cir. 2012), does not say what Larry says it says on DN 30 at 7; nor does *Day v. McDonough*, 547 U.S. 198, 211 (2006), cited DN 30 at 7, relate in any way to Rule 4 or Rule 5. This persistent fabulism by Larry demonstrates the motive of Defense's two Motions for Sanctions.

*Should the Court Revive this Case,*
*Defense's Motions for Sanctions Would Be Ripe for Adjudication*

Defense's Motions for Sanctions, DN 15 and 18, were denied as moot due to this cases's rightful dismissal. DN 25. Should this dismissal be vacated, Defense respectfully moves the Court for a hearing on these Motions. At this hearing, the Court would also have an opportunity to inquire about and opine on Larry's written admission that this case has no merit. (DN 18).

---

4  It never did.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ Tyler Hitch, /s/ Samina Hitch<br>TYLER HITCH<br>SAMINA HITCH<br>*Pro Se Defendants* | /s/ Tyler Hitch<br>*for* HITCH ATTORNEYS, PLLC<br>D.B.A. HITCH DEFENSE ATTORNEYS<br>Barristers Hall<br>1009 South 4th Street<br>Louisville, KY 40203<br>(502) 628-4270<br>tyler@hitchdefense.com |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided via electronic filing and email to Larry Forman at larry@larryformanlaw.com on February 27, 2026.

                                                                   /s/ Tyler Hitch
                                                                   Tyler Hitch