UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-00213-CRS

LARRY FORMAN, *et al*                                                      PLAINTIFFS

v.

TYLER HITCH, *et al*                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The Court dismissed this action without prejudice on January 20, 2026, for failure to serve process. Order, DN 25. The plaintiffs, Larry Forman and Larry Forman Law, PLLC, now move to amend the Court's Order seeking reversal of that dismissal under Rule 59(e) of the Federal Rules of Civil Procedure. Motion, DN 30. For the following reasons, the Court will deny the plaintiffs' motion.

## BACKGROUND

The plaintiffs brought this suit against defendants, Tyler and Samina Hitch, Hitch Defense Attorneys, and Hitch Attorneys PLLC, for alleged violations of the parties' employment agreement. DN 1. A week later, the plaintiffs filed the First Amended Complaint. DN 11. The defendants moved to dismiss the claims against them, alleging that a valid arbitration agreement governed the claims. Motion, DN 12-1. In that motion, the defendants also contended that the plaintiffs had not properly served them. *Id*. at PageID# 134. The plaintiffs responded to the defendants' motion but did not address or rebut the service objection raised by the defendants. *See* Response, DN 14. The Court found no proof of service as to either the original or the amended complaint upon its review of the record. As a result, the Court granted the defendants' motion and dismissed the action without prejudice for failure to serve process. Order, DN 25. The plaintiffs

filed proof of service after the Court's dismissal. DN 26, 27, 28, 29. The plaintiffs now seek reconsideration of the Court's dismissal pursuant to Rule 59(e). Motion, DN 30.

## ANALYSIS

Motions filed pursuant to Federal Rule of Civil Procedure Rule 59(e) permit district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Rule 59(e) motions are "extraordinary" in nature and should be "sparingly granted." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F.Supp.2d 647, 655 (W.D. Ky. 2011). Accordingly, granting these motions is appropriate if the movant shows (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). The plaintiffs have made no assertion that there has been an intervening change in controlling law or that there is new evidence available necessitating reconsideration. Instead, they have asserted that "[r]econsideration is warranted to correct clear errors of law and to prevent manifest injustice." Motion DN 30 at PageID# 281. However, the plaintiffs have not identified any error of law or manifest injustice grounds for the Court to reconsider its dismissal. *See Brumley*, 909 F.3d at 841.

## A. Clear Error

The clear error standard is "exceptionally high." *Barnett v. First Nat'l Bank of Omaha*, No. 3:20-CV-337-CHB, 2022 WL 2111966, at *2 (W.D. Ky. June 10, 2022). To meet this high burden, not only is the movant required to establish that errors were made, "but that these errors were so egregious that an appellate court would not affirm the judgment." *Id*. (quotations omitted). In particular, "a clear error of law occurs where the original ruling 'overlooked or disregarded' some 'argument or controlling authority' or where the moving party 'successfully points out a manifest

error.'" *Id.* (quoting *United States v. Ladeau*, No. 3:10-CR-00242-1, 2012 U.S. Dist. LEXIS 164281, 2012 WL 5838125, at *2 (M.D. Tenn. Nov. 15, 2012)).

The plaintiffs assert that the Court's dismissal "rests on multiple clear legal errors." Motion, DN 30 at PageID# 281. Specifically, the plaintiffs assert that the Court erred by dismissing the case after the plaintiffs served defendants and personal jurisdiction attached, by dismissing the case after not providing the plaintiffs with notice of the service deficiency or the opportunity to cure it, and by dismissing the case after the defendants waived their objection to the service deficiency. *Id*. at PageID# 284–89. But the plaintiffs' assertions are unavailing.

First, the plaintiffs contend that the Court erred by dismissing the action for failure to serve process, when they assert that they served the defendants on April 18, 2025, prior to the Court's dismissal. *Id*. at PageID# 281 (citing DN 26, 27, 28, 29). The plaintiffs contend that even if there was a service deficiency regarding the amended complaint, that the Court should have applied Rule 5—not Rule 4—to that deficiency. *Id*. But because the Court had no such knowledge of any service of process as to the defendants, it did not err as the plaintiffs contend.

Rule 4 of the Federal Rules of Civil Procedure governs service of a summons and complaint. Rule 5 governs the service of pleadings "filed after the original complaint[.]" Fed. R. Civ. P. 5(a). In other words, Rule 5 only governs service of pleadings once defendants are properly served with the complaint. Proper service also permits courts to exercise jurisdiction over a defendant. *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). Proof of "proper service of process is not some mindless technicality." *Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir.1991) (quotation and citation omitted). Without valid service, the Court is powerless to enter a judgment against a defendant.

3

The plaintiffs identify no errors here because they only filed proof of service after the Court's dismissal. When the Court dismissed the action, the record contained no proof of service as to either the original complaint or the amended complaint. The plaintiffs filed the original complaint on April 14, 2025. DN 1. The plaintiffs then filed the amended complaint as a matter of right one week later. DN 11. Between those two dates, the defendants filed no responses or preliminary motions. The defendants alleged that the plaintiffs did not properly serve them. Motion to Dismiss, DN 12-1 at PageID# 134. In response to the Motion to Dismiss, the plaintiffs did not rebut this allegation or provide proof of service to the Court. *See* Response, DN 14. Without service of process, the Court was unable to acquire jurisdiction over the defendants. *See Omni Capital Int'l Ltd.*, 484 U.S. at 104. And without proof of service as to the original complaint, applying Rule 5 to the amended complaint would have been improper. Rule 5 does not apply to service of process. Rather, the Court may only apply Rule 5 to the amended complaint if the record contained proof that the plaintiffs had served the defendants with the original complaint. The record contained no such proof. The plaintiffs had the opportunity to present proof of service to the Court in their response to the defendants' motion. The plaintiffs failed to do so. Thus, they are unable to do so now in their Rule 59(e) motion. *See Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008) (a Rule 59(e) motion "may not be used . . . to present evidence that could have been raised prior to the entry of judgment."). As a result, the plaintiffs have presented no errors that warrant reversal.

Next, the plaintiffs contend that the Court's *sua sponte* dismissal of their case constituted "clear procedural error" in violation of Rule 4(m). Motion, DN 30 at PageID# 288. The plaintiffs allege that the defendants did not raise a service objection in their motion. *Id.* at 287–88. As a result, the plaintiffs assert that the Court *sua sponte* dismissed the case without notice or

4

opportunity to cure the service deficiency. *Id*. But the plaintiffs describe no error here because the defendants raised a service objection in their Motion to Dismiss.

Rule 4 provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). And under Rule 12(b)(5), a district court may dismiss an action for failure to serve the defendants.

Contrary to the plaintiffs' assertion, the defendants alerted the Court—and the plaintiffs— as to the lack of service in their Motion to Dismiss. DN 12-1 at PageID# 134 ("Crucially, no defendant has yet received a copy of the Amended Complaint, and instead are relying on representations by the media."). The defendants also moved for dismissal. *Id*. at PageID# 135 ("For the above stated reasons, Defendants respectfully move this Court to dismiss this case."). The plaintiffs responded to that motion but did not rebut this allegation or cure the deficiency. *See* Response, DN 14. The Court reviewed the record and determined that no proof of service existed. As a result, the Court granted the defendants' Motion to Dismiss. Order, DN 25.

The plaintiffs are responsible for carefully reviewing the defendants' motion and responding to any service objections to avoid dismissal for insufficient service of process. *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012). Had the plaintiffs done so, they would have reviewed the record and corrected their service deficiency accordingly. Instead, the plaintiffs did no such thing. They failed to provide proof of that service to the Court, even after the defendants brought it to their attention. *See Omni Capital Int'l Ltd.*, 484 U.S. at 104. Despite having sufficient time and opportunity to do so, the plaintiffs failed to cure their service deficiencies, and thus, cannot now seek reinstatement of this case using evidence that was available to them prior to the Court's

dismissal. *See Exxon Shipping*, 554 U.S. at 486. The plaintiffs' lack of diligence in this case is not a valid ground for relief under Rule 59(e).

Finally, the plaintiffs contend that "[e]ven if a service defect existed, Defendants waived any objection by appearing and actively litigating the case without timely raising insufficient service." Motion, DN 30 at PageID# 288. The plaintiffs contend that the defendants' litigation conduct, specifically seeking an order compelling arbitration and requesting attorney fees, signals that the defendants submitted to the Court's authority. Motion, DN 30, at PageID# 289. Thus, the plaintiffs contend that the Court erred by reviving the defendants' waived objection when it dismissed the case. *Id*. The Court disagrees.

Generally, a defendant waives an insufficient service of process defense by failing to raise it in either a preliminary 12(b) motion or in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1). Moreover, the Sixth Circuit has held that "[e]ven where a defendant properly preserves a Rule 12(b) defense by including it in an answer, he may forfeit the right to seek a ruling on the defense at a later juncture through his conduct during the litigation." *King*, 694 F.3d at 658 (footnote omitted) (citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999)). Forfeiture may result from conduct such as appearances, filings, and actions in a district court that constitute "legal submission to the jurisdiction of [that] court." *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) (quoting *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006)). The key question is whether the "'defendant's conduct prior to raising the defense has given the plaintiff 'a reasonable expectation' that the defendant will defend the suit on the merits.'" *King*, 694 F.3d at 658 (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)).

Despite the plaintiffs' contention, the defendants did not waive their service objection in this case. The defendants raised an insufficient service of process defense by including the objection in their initial pleading, their Motion to Dismiss. DN 12-1 at PageID# 134. At no time did the defendants file an answer in this case, ask for judgment on the pleadings, or act in a manner that indicated they intended to litigate the case fully on the merits. Rather, the defendants sought the dismissal of this case and an order compelling arbitration. *See* Motion to Dismiss, DN 12-1. The defendants' conduct demonstrated their desire to resolve the dispute without court involvement. *See Gerber*, 649 F.3d at 519 (holding that a motion to stay pending arbitration does not waive a personal jurisdiction challenge because it indicates an intention to seek alternate means of resolving a dispute and avoid litigating the case in that jurisdiction). Thus, the defendants' conduct did not give the plaintiffs a reasonable expectation that they intended to defend the suit on the merits. *See King*, 694 F.3d at 658.

As to the plaintiffs' contention that seeking attorney fees is "the clearest evidence of waiver," they identify no clear error here either. Motion, DN 30 at PageID# 289. In support of this contention, they rely on three non-binding sister circuit cases: *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302 (Fed. Cir. 2005), *Peterson v. BMI Refractories*, 124 F.3d 1386, 1390 (11th Cir. 1997), and *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61–62 (2d Cir. 1999). *Id.* The Court has reviewed these cases and finds that none of them stand for the proposition for which they are cited, nor can the Court find a case that stands for such a proposition. Rather, in *Hamilton*, unlike this case, the Court concluded that the defendant "forfeited its defense of lack of personal jurisdiction by participating in extensive pretrial proceedings and forgoing numerous opportunities to move to dismiss during the four-year interval that followed its inclusion of the defense in its answer." Here, there were no extensive pretrial proceedings over an extended period, and the

7

defendants moved for dismissal at their earliest opportunity. In sum, the defendants did not waive the defense, and the Court did not err in dismissing the case.

## B. Manifest Injustice

The plaintiffs also contend that the Court must reverse its dismissal to "prevent manifest injustice." Reply, DN 32 at PageID# 304. The Sixth Circuit has stated that manifest injustice requires a "want of equity" or some form of "unfairness." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 Fed.Appx. 319, 331 (6th Cir. 2014). But importantly, manifest injustice "does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Bunn v. Navistar, Inc.*, 797 F. App'x 247, 258 (6th Cir. 2020) (quoting *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018)).

As discussed above, the defendants raised the service of process deficiency in their Motion to Dismiss. DN 12-1 at PageID# 134. The plaintiffs responded to the motion but did not address the issue of service, nor did they attempt to remedy it until after the Court dismissed the case. *See* DN 14. Because they had ample time and opportunity to do so prior to the Court's decision, the Court finds that no manifest injustice exists and reversal is not warranted. *See Bunn*, 797 F. App'x at 258.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the plaintiffs' Rule 59(e) motion [**DN 30**] is **DENIED**.

April 29, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

8